CADES SCHUTTE
A Limited Liability Law Partnership

AMANDA M. JONES          8854-0
MICHAEL R. SOON FAH      11156-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone:  (808) 521-9200
Fax:  (808) 521-9210
Email:  ajones@cades.com
          msoonfah@cades.com

Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PRESTON LEE,<br><br>      Plaintiff,<br><br>  v.<br><br>L3HARRIS TECHNOLOGIES, INC.;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATIONS 1-10; DOE<br>PARTNERSHIPS 1-10; DOE<br>UNINCORPORATED<br>ORGANIZATIONS 1-10; and DOE<br>GOVERNMENTAL AGENCIES 1-10,<br><br>      Defendant. | CIVIL NO.  1:20-CV-00489 LEK-KJM<br>(Other Civil Action)<br><br>**DEFENDANT L3HARRIS<br>TECHNOLOGIES, INC.'S<br>ANSWER TO COMPLAINT,<br>FILED NOVEMBER 13, 2020;**<br><br>**CERTIFICATE OF SERVICE** |

## DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S
## ANSWER TO COMPLAINT, FILED NOVEMBER 13, 2020

Defendant L3HARRIS TECHNOLOGIES, INC. ("**L3Harris**") answers the

Complaint filed by Plaintiff PRESTON LEE ("**Plaintiff**") on November 13, 2020

("**Complaint**"), as follows:

### FIRST DEFENSE

1.      The Complaint fails to state a claim upon which relief could be

granted.

2.      In response to paragraph 1 of the Complaint, L3Harris admits that the

Complaint purports to allege violations of employment laws.  L3Harris denies that

any "employment discrimination law violations" occurred.

3.      In response to paragraph 2 of the Complaint, L3Harris admits that the

Complaint purports to assert claims under the Americans with Disabilities Act

("**ADA**") and Hawaiʻi Revised Statutes ("**HRS**") Chapter 378.  L3Harris denies

any tortious conduct and denies that there were any violations of the ADA or HRS

Chapter 378.

4.      In response to paragraph 3 of the Complaint, L3Harris is without

knowledge or information sufficient to form a belief as to the allegations and on

that basis, denies the same.

5.      In response to paragraph 4 of the Complaint, L3Harris admits that it

has done business in the County of Kauai, State of Hawaii.  It is without

knowledge or information sufficient to form a belief as to the allegation that it was an employer "[a]t all times relevant herein."  The remaining assertions in paragraph 4 are legal conclusions to which no response is required.  To the extent a response is required, L3Harris denies the same.

6.     L3Harris admits the allegations in paragraph 5 of the Complaint.

7.     In response to paragraph 6 of the Complaint, L3Harris denies that any tortious or wrongful conduct occurred.  The remaining assertions in paragraph 6 are legal conclusions to which no response is required.  To the extent a response is required, L3Harris denies the same.

8.     In response to paragraph 7 of the Complaint, L3Harris responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's efforts to determine the identities of the alleged Doe Defendants, and on that basis, denies the same.

9.     In response to paragraph 8, L3Harris responds that it is the only named defendant in the lawsuit and is without knowledge as to what other "Defendants" the Plaintiff is referring.

10.     In response to paragraph 9, L3Harris states the assertions therein state legal conclusions to which no response is required.  To the extent a response is required, L3Harris denies the same.

11.     In response to paragraphs 10 and 11, L3Harris admits that Plaintiff was hired on or around May 23, 1994 by ITT Federal Services Corporation as an aircraft flightline maintenance technician at the Pacific Missile Range Facility at Barking Sands.  L3Harris denies any contrary allegations in paragraphs 10 and 11.

12.     L3Harris denies the allegations in paragraph 12 of the Complaint.

13.     In response to paragraph 13 of the Complaint, L3Harris admits that Plaintiff transferred to a painter position effective on or around October 1, 2006.

14.     L3Harris denies the allegations in paragraph 14 of the Complaint.

15.     In response to paragraph 15 of the Complaint, L3Harris admits that Plaintiff held the position of Painter at one time.

16.     In response to paragraphs 16 and 17 of the Complaint, L3Harris responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the same.

17.     In response to paragraph 18 of the Complaint, L3Harris admits that Plaintiff told co-workers in or around February 2019 that Plaintiff had been diagnosed with PTSD, and that Ms. Igne and another employee notified human resources about Plaintiff's disclosure.  L3Harris denies any remaining and contrary allegations in paragraph 18.

18.     L3Harris denies the allegations in paragraph 19 of the Complaint.

19.     In response to paragraph 20 of the Complaint, L3Harris admits that Sean Igne and other employees expressed to human resources a concern about their safety as a result of Plaintiff's conduct.   L3Harris denies the remaining and contrary allegations in paragraph 20.

20.     In response to paragraphs 21, 22, 23, and 24 of the Complaint, L3Harris responds that it is without knowledge or information sufficient to form a belief as to the truth of allegations regarding alleged conversations Plaintiff had with other union members and statements made during union meetings, and on that basis, denies the same

21.     In response to paragraph 25 of the Complaint, L3Harris responds that it is not aware of what letters Plaintiff is referring to, and thus is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the same.

22.     In response to paragraph 26 of the Complaint, L3Harris admits that Rodney Martin was Plaintiff's supervisor in March 2019, and that Mr. Martin instructed Plaintiff to meet with human resources for a meeting on or about March 13, 2019.

23.     In response to paragraph 27 of the Complaint, L3Harris admits that Plaintiff met with Julie Broyles and Jasmine Apo as instructed on or about March

13, 2019.  L3Harris admits that Ms. Apo is a human resources specialist employed by L3Harris.  L3Harris denies the remaining allegations in paragraph 27.

24.      In response to paragraphs 28, 29, 30, 31, 32, and 33 of the Complaint, L3Harris admits that during the meeting on or about March 13, 2019, Plaintiff confirmed that he had been diagnosed with PTSD and that he had been having difficulty sleeping.   L3Harris admits that the human resources representatives meeting with Plaintiff asked if he was ok, if he needed any accommodations, and if there was anything the company could do to help, and that Plaintiff denied needing any accommodations or help from the company.   L3Harris admits Plaintiff expressed a concern about being fired after hearing that he was asked to meet with human resources, and the human resources representatives reassured Plaintiff that the purpose of the meeting was not to terminate his employment.

25.      In response to paragraphs 34, 35, 36 and 37 of the Complaint, L3Harris denies that Bill Nordmeier was a L3Harris employee. L3Harris further responds that it is without knowledge or information sufficient to form a belief as to the truth of the alleged discussions between Plaintiff and Mr. Nordmeier, or about what Mr. Nordmeier may have discussed with his employer's human resources department, and on that basis denies the same.

26.      In response to paragraph 38 of the Complaint, L3Harris admits that Scott Taylor, who is _not_ a L3Harris employee, called Plaintiff on or about

- 6 -

December 9, 2019, to investigate a report made by Plaintiff that Mr. Igne had been stealing gasoline.  L3Harris denies the contrary allegations in paragraph 38.

27.    In response to paragraph 39 of the Complaint, L3Harris responds that it is not aware of Mr. Castro, who is not a L3Harris employee, having been written up for not wearing protective gear.

28.    In response to paragraph 40 of the Complaint, L3Harris admits that on or about November 6, 2019, Mr. Igne instructed Plaintiff to put on long pants, and that Plaintiff complied with that instruction.  L3Harris denies the remaining allegations in paragraph 40.

29.    In response to paragraph 41 of the Complaint, L3Harris admits that Plaintiff was pressure washing at the time Mr. Igne instructed Plaintiff to put on long pants.  L3Harris denies the remaining allegations in paragraph 41.

30.    In response to paragraphs 42, 43 and 44 of the Complaint, L3Harris responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies the same.

31.    L3Harris denies the allegations in paragraphs 45 and 46 of the Complaint.

32.    In response to paragraphs 47, 48, 49, 50, 51, and 52 of the Complaint, L3Harris admits that later on during the day that Mr. Igne instructed Plaintiff to put on long pants while pressure washing, Plaintiff yelled and swore at Mr. Igne and

said words to the effect that Mr. Igne had better wear long pants and steel toed shoes or else Plaintiff would turn Mr. Igne in. L3Harris denies the remaining allegations in paragraphs 47, 48, 49, 50, 51, and 52.

33.    In response to paragraph 53 of the Complaint, L3Harris admits that Mr. Igne reported Plaintiff's conduct directed at Mr. Igne, and that Plaintiff's supervisor Rodney Martin discussed it with Plaintiff.   L3Harris denies the remaining allegations in paragraph 53.

34.    In response to paragraphs 54, 55, 56, 57, 58, 59, 60 and 61 of the Complaint, L3Harris responds that the references to a "safety lady" are unclear. To the extent Plaintiff is referring to a female safety inspector that observed Plaintiff not wearing long pants while pressure washing, L3Harris responds that it is not aware of the safety inspector having "written up" Plaintiff or Mr. Castro, but she did identify unsafe activities by Plaintiff and Mr. Castro, and this information was conveyed to Plaintiff.  L3Harris denies any contrary allegations in paragraphs 54, 55, 56, 57, 58, 59, 60 and 61.

35.    In response to paragraph 62 of the Complaint, L3Harris admits that Plaintiff complained about having been instructed to wear long pants while pressure washing, despite knowing that was the rule, and that Plaintiff commented about Mr. Igne wearing shorts, although Mr. Igne was not pressure washing at that time.  L3Harris denies any contrary allegations in paragraph 62.

36.     L3Harris denies the allegations in paragraphs 63, 64, 65, 66, 67, and 68 of the Complaint.

37.     In response to paragraph 69, L3Harris admits that Plaintiff met with Mr. Martin and a human resources representative on or about November 18, 2019.

38.     In response to paragraph 70 of the Complaint, L3Harris admits that a written disciplinary warning was issued to Plaintiff on or about November 18, 2019, relating to Plaintiff's unprofessional conduct directed at Mr. Igne.  L3Harris admits that the disciplinary warning noted that Plaintiff violated the L3Harris Code of Conduct, and that Plaintiff's use of profanity was among the unprofessional conduct that violated the Code of Conduct.

39.     In response to paragraphs 71, 72, 73, and 74 of the Complaint, L3Harris admits that when Plaintiff was disciplined for his unprofessional conduct toward Mr. Igne, Plaintiff responded by accusing Mr. Igne of swearing and also accused Mr. Igne of stealing gas.  L3Harris denies any remaining or contrary allegations in paragraphs 71, 72, 73 and 74.

40.     In response to paragraphs 75 and 76 of the Complaint, L3Harris admits that after Plaintiff was disciplined for his unprofessional conduct towards Mr. Igne, Plaintiff alleged and made an anonymous report to a Navy hotline that Mr. Igne had been stealing gas.  L3Harris denies that Plaintiff had reported the alleged gas theft earlier.  L3Harris further responds that in response to Plaintiff's

allegation and report, investigations were conducted and Plaintiff's allegations were not substantiated.  L3Harris denies any remaining and contrary allegations in paragraphs 75 and 76.

41.    In response to paragraphs 77, 78, and 79 of the Complaint, L3Harris admits that in response to being issued a disciplinary warning on November 18, 2019, for his unprofessional conduct towards Mr. Igne, Plaintiff stated he needed to see a doctor and left work. L3Harris further admits that Plaintiff subsequently claimed work-related stress due to the disciplinary action on or about November 20, 2019, and was out of work on leave claiming he was unable to work due to stress.  L3Harris is without knowledge or information sufficient to form a belief as to the remaining allegations, and on the basis, denies the same.

42.    In response to paragraphs 80 and 81 of the Complaint, L3Harris admits that Ross West, who is not a L3Harris employee, contacted Plaintiff so that Mr. Ross could retrieve Plaintiff's CAC card and blue badge while Plaintiff was out on leave.

43.    L3Harris denies the allegations in paragraphs 82 and 83 of the Complaint.

44.    In response to paragraph 84 of the Complaint, L3Harris admits that Plaintiff brought his CAC card and blue badge to Mr. West's office as requested on or about December 16, 2019.

45.     In response to paragraph 85 of the Complaint, L3Harris responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis, denies the same.

46.     L3Harris denies the allegations in paragraph 86 of the Complaint.

47.     In response to paragraph 87 of the Complaint, L3Harris responds that it is without knowledge or information sufficient to form a belief as to which employees about whom the Complaint is referring, and on that basis, denies the same.

48.     In response to paragraph 88 of the Complaint, L3Harris admits that Plaintiff stated he was ready to return to work on or about April 1, 2020.

49.     In response to paragraph 89 of the Complaint, L3Harris admits that Plaintiff was informed that he would be placed on paid administrative leave on or about April 1, 2020.

50.     In response to paragraph 90 of the Complaint, L3Harris admits that Plaintiff's employment was terminated on or about June 22, 2020.  L3Harris further responds that the termination letter, being a writing, speaks for itself.

51.     L3Harris denies the allegations in paragraph 91 of the Complaint.

52.     In response to paragraph 92 of the Complaint, L3Harris admits that Plaintiff filed a Charge of Discrimination with the Hawaii Civil Rights Commission and the Equal Employment Opportunity Commission ("**EEOC**") on

or around February 27, 2020, alleging disability discrimination and retaliation. L3Harris denies any remaining or contrary allegations in paragraph 92.

53.    In response to paragraph 93 of the Complaint, L3Harris admits that the EEOC issued a Right to Sue letter on or about August 18, 2020.  L3Harris is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding when the notice was received by Plaintiff, and on that basis, denies the same.

54.    In response to paragraph 94 of the Complaint, L3Harris repeats and re-alleges its responses to paragraphs 1 through 93 of the Complaint.

55.    In response to paragraph 95 of the Complaint, L3Harris states that the assertions therein are legal conclusions to which no response is required.  To the extent a response is required, L3Harris denies the same.

56.    L3Harris denies the allegations in paragraphs 96 and 97 of the Complaint.

57.    In response to paragraph 98 of the Complaint, L3Harris repeats and re-alleges its responses to paragraphs 1 through 97 of the Complaint.

58.    L3Harris denies the allegations in paragraph 99 of the Complaint.

59.    In response to paragraph 100 of the Complaint, L3Harris states that the assertions therein are legal conclusions to which no response is required.  To the extent a response is required, L3Harris denies the same.

60.    L3Harris denies the allegations in paragraph 101 of the Complaint.

61.    In response to paragraph 102 of the Complaint, L3Harris repeats and re-alleges its responses to paragraphs 1 through 101 of the Complaint.

62.    L3Harris denies the allegations in paragraph 103 of the Complaint.

63.    In response to paragraph 104 of the Complaint, L3Harris states that the assertions therein are legal conclusions to which no response is required.  To the extent a response is required, L3Harris denies the same.

64.    L3Harris denies the allegations in paragraph 105 of the Complaint.

65.    L3Harris denies all other allegations not expressly admitted herein.

## SECOND DEFENSE

66.    Plaintiff's claims are barred because he cannot establish actionable damages.

## THIRD DEFENSE

67.    Plaintiff's claims should be denied, in whole or in part, because Plaintiff failed to mitigate his damages, said damages being expressly denied.

## FOURTH DEFENSE

68.    Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to exhaust administrative remedies.

## FIFTH DEFENSE

69.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or the doctrine of after-acquired evidence.

## SIXTH DEFENSE

70.     Plaintiff's claims are barred, in whole or in part, because L3Harris acted reasonably and in good faith at all times in reliance on the relevant facts and circumstances known to it at the time it acted.

## SEVENTH DEFENSE

71.     Plaintiff's claims are barred because even assuming Plaintiff could prove he engaged in protected activity, Plaintiff's employment would have been terminated regardless of the protected activity.

## EIGHTH DEFENSE

72.     Any and all actions or conduct of which Plaintiff complains were just and proper exercises of management rights and discretion undertaken for fair and honest reasons in good faith, under circumstances then existing.

## NINTH DEFENSE

73.     Plaintiff's claims are barred, in whole or in part, due to preemption.

## TENTH DEFENSE

74.     Plaintiff's claims are barred, in whole or in part, based upon estoppel.

## ELEVENTH DEFENSE

75.    The remedy of punitive damages is barred because such an award based on the facts and circumstances of this case would violate L3Harris's rights guaranteed by the constitutions of the United States and the State of Hawaii.

## TWELFTH DEFENSE

76.    Plaintiff's claims are barred due to a lack of causation.

## THIRTEENTH DEFENSE

77.    Plaintiff has failed to set out his claims with sufficient particularity and specificity to permit L3Harris to raise all appropriate defenses or counterclaims, and L3Harris expressly reserves the right to add or withdraw further defenses, or assert counterclaims as appropriate, should they become apparent during discovery or trial.   L3Harris reserves the right to amend or revise its defenses based on ongoing investigation and discovery.

WHEREFORE, L3Harris prays that:

A.    The court dismiss the Complaint with prejudice;

B.    The Court award L3Harris its attorneys' fees and costs; and

C.    The Court issue such other and further relief as it deems appropriate under the circumstances.

DATED:  Honolulu, Hawai'i, December 15, 2020.

CADES SCHUTTE
A Limited Liability Law Partnership

*/s/ Amanda M. Jones*
AMANDA M. JONES
MICHAEL R. SOON FAH
Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.