HID 88A (Rev. 02/11) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

| Preston Lee | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:20-CV-00489 LEK-KJM |
| L3 Harris Technologies, Inc. et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Custodian of Records, Department of Veterans Affairs, VA Pacific Islands Health Care System, 495 Patterson Road 136D, Honolulu, HI 96720

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see the interrogatories contained in the Notice of Taking Depositon Upon Written Interrogatories, attached hereto as Exhibit 1. Authorizations will be provided when this subpoena is served.

| Place: Ralph Rosenberg Court Reporters, Inc.<br>1001 Bishop Street, Suite 2460, Honolulu, HI  96813 | Date and Time:<br>03/29/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic means.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit 2.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   03/09/2021

CLERK OF COURT

_____                OR     */s/ Michael Soon Fah*
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   L3 Harris Technologies, Inc
_____, who issues or requests this subpoena, are:
Michael R. Soon Fah (msoonfah@cades.com), Cades Schutte LLP, 1000 Bishop Street, Suite 1200, Honolulu, HI 96813; Telephone:  (808) 521-9200

# EXHIBIT "A"

## EXHIBIT 1 to Subpoena

## INTERROGATORIES

1. Please state your full name.

2. What is your residence address?

3. Please state the name of your employer and your employer's current business address.

4. What is your job or position with your employer?

5. In your position with your employer, do you have under your care, custody, and/or control records kept by your employer?

6. Are you appearing pursuant to a subpoena requiring your appearance before a court reporter or notary public for the purpose of answering these questions and requiring you to bring the records described in the subpoena?

7. Do you have the originals or complete and legible copies of all of those records with you?

8. Are those records complete?

9. If your answer to question 8 is "no," please describe in detail those records that are incomplete, and to the best of your knowledge explain why the records are incomplete.

10. Are the documents that you have brought with you here today documents under your care, custody, and/or control?

11. Has any portion of those records ever been removed from your care, custody, and/or control prior to this time?

12. If so, when and by whom?

13. Has any portion of those records ever been altered or destroyed prior to this time?

14. If so, when and by whom?

15. Please identify and describe in detail all such records or portions of records that have been altered or destroyed.

16. For documents that you have brought with you here today from your employer, are those documents maintained in the regular course of your employer's business?

17. If the answer to the preceding question is "no," please describe in detail those records that are not kept by your employer in the regular course of business.

18. Please turn over to the Notary Public at this time the originals or complete and legible copies of all of your records pertaining to the matters referred to in the subpoena which you have brought with you.

19. Have you turned over the original records or copies?

20. Please describe briefly, but completely, so that they may be readily identified, the records which you have turned over to the Notary Public.

21. Are there any other records that come within the scope of the subpoena, but

that you have not turned over to the Notary Public?

22. Please describe briefly but completely so that they may be readily identified any of your records that come within the scope of the subpoena, but that you have not turned over to the Notary Public.

23. If you object to production of any document on the ground of privilege or otherwise, state: the specific objection and the facts upon which you rely as the basis for each such objection, the nature and title of the document as to which the privilege is claimed, the general subject matter of the document, the date of its preparation or communication, and the sender(s), recipient(s), and custodian(s) of the document.

24. Do you agree to waive the reading and signing of this deposition?

## EXHIBIT 2 to Subpoena

## DEFINITIONS

The following definitions are applicable to this Exhibit 2.

    A.    As used herein, "Plaintiff" means Preston Lee.

    B.    As used herein, "Document" means all matter within the scope of Rule 34 of the Federal Rules of Civil Procedure and includes all written, printed, typed, recorded, photographed, computerized, cybernetic and/or electronically transmitted or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to correspondence, records, reports, memoranda, notes, e-mails, text messages, letter, telegrams, telexes, messages (including without limitation reports of telephone conversations and conferences), studies, analyses, minutes or other communications (including without limitation inter-office and intra-office communications), orders, working papers, records of summaries or negotiations, voice recordings, records or summaries of personal interviews or conversations, printouts, studies, plans and planning materials, notes, data sheets, microfilm, microfiche, photographic negatives, pictures, photographs, tapes, discs, data cards, films, data processing films and other computer readable records or programs, all other written, printed or recorded matter of any kind, all other data compilations from which information can be obtained, and translated if necessary, and all originals (or, if originals are not available, identical copies thereof), drafts and non-identical copies thereof. Any document bearing any marks, including without limitation initials, stamped indicia, comments or notations not a part of the original text or photographic reproduction thereof is a separate document.

    C.    As used herein, "communication" and "communications" include the transmission of facts, opinions, beliefs, and any other form of information or expression of thought between or among persons or entities or other rendition of such information or expression of thought by a person or entity to himself, itself, or a file.

    D.    "And" or "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

E.   Words or terms in the singular shall include the plural, and words or terms in the plural shall include the singular.

## **DOCUMENTS TO BE PRODUCED**

You are required to produce any and all Documents (as that term is defined above), including, but not limited to, the following:

1. All Documents relating to Plaintiff, including but not limited to the following:
    a. Any and all Documents and Communications relating to claims for disability benefits by Plaintiff.
    b. Any application for disability benefits submitted to Veteran Affairs ("VA") regarding Plaintiff and any documentation provided in support of such application(s).
    c. Any statements, declarations, or affidavits made by Plaintiff or any representative of Plaintiff in support of any benefit claims.
    d. Any medical documentation submitted in support of any of Plaintiff's disability benefits claim, including physician notes, medical opinions, testing, and medical evaluations.
    e. Any disability ratings and determinations.
    f. Any correspondence between the VA and Plaintiff or Plaintiff's counsel or other representative for Plaintiff regarding any of Plaintiff's claims for disability benefits.
    g. Any ruling, order, decision, findings, opinions, conclusions, or appeals regarding any of Plaintiff's disability benefits claims.
    h. Any statements reflecting disability benefits paid to Plaintiff.
    i. Any other Documents or records you have pertaining to Plaintiff.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:20-CV-00489 LEK-KJM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).