FUJIWARA AND ROSENBAUM, LLLC

ELIZABETH JUBIN FUJIWARA 3558
JOSEPH T. ROSENBAUM 9205
1100 Alakea St., 20th Fl., Ste B
Honolulu, Hawaii 96813
Telephone: 808-203-5436

Attorneys for Plaintiff
PRESTON LEE

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PRESTON LEE, | ) CIVIL NO. 20-00489 LEK-KJM |
| | ) (Other Civil Action) |
| Plaintiff, | ) |
| | ) **STIPULATED PROTECTIVE** |
| vs. | ) **ORDER** |
| | ) |
| L3HARRIS TECHNOLOGIES, INC.; | ) |
| JOHN DOES 1-10; JANE DOES 1-10; | ) |
| DOE CORPORATIONS 1-10; DOE | ) |
| PARTNERSHIPS 1-10; DOE | ) |
| UNINCORPORATED | ) |
| ORGANIZATIONS | ) |
| 1-10; and DOE GOVERNMENTAL | ) |
| AGENCIES 1-10, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

### STIPULATED PROTECTIVE ORDER

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, Plaintiff Preston Lee ("**Plaintiff**") and Defendant L3Harris Technologies, Inc. ("**Defendant**") (each of which shall be referred to as a "**Party**" and together, referred to as the "**Parties**") hereby agree as follows:

1.      Any party or non-party may designate as "confidential" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Hawai`i or federal law ("Confidential Information").      Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential"

information.  Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 8 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.     All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.     Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a)     counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)     employees of such counsel;

(c)     any officer, employee or insurer of a party, to the extent

deemed necessary by Counsel for the prosecution or defense of this litigation;

(d)     consultants or expert witnesses retained for

the prosecution or defense of this litigation, provided that each such person shall

execute a copy of the Certification annexed to this Order as Exhibit "A" (which

shall be retained by counsel to the party so disclosing the Confidential Information

and made available for inspection by opposing counsel during the pendency or after

the termination of the action only upon good cause shown and upon order of the

Court) before being shown or given any Confidential Information and provided that

if the party chooses a consultant or expert employed by defendant or one of its

competitors , the party shall notify the opposing party, or designating non- party,

before disclosing any Confidential Information to that individual and shall give the

opposing party an opportunity to move for a

protective order preventing or limiting such disclosure;

(e)     any authors or recipients of the

Confidential Information;

(f)     the Court, Court personnel, and court

reporters; and

(g) witnesses (other than persons described in

paragraph 4(e)).  A witness shall sign the Certification before being shown a

confidential document.  Confidential Information may be disclosed to a witness

4

who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5.     Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.     No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

7.     A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8.      If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material.  The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9.      Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)      the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b)      the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)      the Court rules the material is not confidential.

10.     All provisions of this Order restricting the

communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11.     The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  Inadvertent failure to designate information as Confidential Information shall not be construed as a waiver, in whole or in part, of such designation and may be corrected by any Party by written notification to the other Parties promptly upon discovery of the failure to designate.

13.     Any witness or other person, firm or entity from which discovery is sought may be informed of and may

obtain the protection of this Order by written advice to the parties' respective

counsel or by oral advice at the time of any deposition or similar proceeding.

DATED:  Honolulu, Hawai'i, June 22, 2021.

_____          _____

_/s/ Joseph T. Rosenbaum_              _/s/ Amanda M. Jones_
ELIZABETH JUBIN FUJIWARA              AMANDA M. JONES
JOSEPH T. ROSENBAUM                  MICHAEL R. SOON FAH
Attorneys for Plaintiff              Attorneys for Defendant
PRESTON LEE                          L3HARRIS TECHNOLOGIES, INC.


APPROVED AND SO ORDERED.

Dated: Honolulu, Hawaii, June 22, 2021.

Kenneth J. Mansfield
United States Magistrate Judge

8

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being

provided to me pursuant to the terms and restrictions of the Protective Order dated

_____ in Preston Lee v. L3Harris Technologies, Inc., et al.,

Civil No. 20-00489 LEK-KJM.

I have been given a copy of that Order and read it. I agree to be bound by the

Order. I will not reveal the Confidential Information to anyone, except as

allowed by the Order. I will maintain all such Confidential Information –

including copies, notes, or other transcriptions made therefrom – in a secure

manner to prevent unauthorized access to it. No later than thirty (30) days after

the conclusion of this action, I will return the Confidential Information –

including copies, notes or other transcriptions made therefrom – to the counsel

who provided me with the Confidential Information. I hereby consent to the

jurisdiction of the United States District Court for the purpose of enforcing the

Protective Order.

DATED:_____.

_____
(Signature)

_____
PRINT NAME

## EXHIBIT "A"