CADES SCHUTTE
A Limited Liability Law Partnership

AMANDA M. JONES           8854-0
MICHAEL R. SOON FAH       11156-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone:  (808) 521-9200
Fax:  (808) 521-9210
Email:  ajones@cades.com
        msoonfah@cades.com

Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PRESTON LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>L3HARRIS TECHNOLOGIES, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>    Defendants. | CIVIL NO.  1:20-CV-00489 LEK-KJM (Other Civil Action)<br><br>**DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS;**<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT;**<br><br>**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT;**<br><br>**APPENDICES 1-5;**<br><br>**CERTIFICATE OF SERVICE** |

## DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS

Defendant L3Harris Technologies, Inc. ("L3Harris") moves for summary judgment on all claims in Plaintiff Preston Lee's ("**Plaintiff**") First Amended Complaint, filed February 11, 2021 ("**FAC**"). This case concerns a former employee, who ███████████████████████████████ made threatening statements towards co-workers. In November 2019, Plaintiff unleashed a profanity-laced verbal attack on a co-worker, who served as the lead man in the paint shop where Plaintiff worked at the Pacific Missile Range Facility ("**PMRF**") because the lead man directed Plaintiff to wear pants while pressure-washing. The lead man lodged a complaint with their supervisor regarding this attack. Plaintiff received a written warning for his conduct. Unable to cope with being reprimanded, Plaintiff went out on medical leave for more than four months.

While on leave, Plaintiff made a complaint with the Navy at PMRF alleging that the lead man had been stealing gas from the base. During a subsequent investigation, Plaintiff told the investigator the alleged gas theft occurred from 2007-2010. When asked why Plaintiff was making this complaint in 2019, Plaintiff reportedly told the investigator it was because the lead man had just turned Plaintiff in, so Plaintiff was going to turn him in. The investigator found no evidence to support the gas theft allegation and concluded Plaintiff's complaint was retaliatory. The investigator also raised concerns about Plaintiff returning to

the workplace based on comments by co-workers interviewed for the investigation expressing fear of working with him. Also while on leave, Plaintiff was evaluated by a psychologist who reported that Plaintiff said he thought about instigating a fight with his co-workers for no reason. Concerned for the safety of his co-workers, L3Harris decided to terminate Plaintiff's employment. This suit followed.

Plaintiff alleges he was discriminated against based on a disability (alleged PTSD). L3Harris was aware of Plaintiff's claim that he had PTSD, as a result of a discussion in March 2019. No action was taken against him based on this report. Plaintiff continued to work with no discipline or other issues until November 18, 2019, when he was disciplined for his inappropriate conduct towards his lead man. There is no connection between Plaintiff's alleged disability and the actions taken by L3Harris. There were legitimate, non-discriminatory, non-retaliatory reasons for the disciplinary action and termination decision. Summary judgment should be granted on Plaintiff's claims of disability discrimination under federal and state law (counts I and III), retaliation under federal and state law (counts II and IV), and violation of the Hawaiʻi Whistleblower Protection Act (count V).

Plaintiff should also be estopped from asserting that he is a "qualified individual" with a disability and that it was wrongful to terminate his employment because the Department of Veterans Affairs ("VA") has awarded him a 100% disability rating and associated monetary benefits. In support of his application for

benefits, Plaintiff submitted doctor's statements and reports documenting ▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Plaintiff's statements to the VA directly conflict with the notion that Plaintiff was qualified to perform the essential functions of his job. The law does not permit Plaintiff to assert his inability to work with others to obtain government-funded benefits and then come to court and argue the opposite. This Motion is brought pursuant to FRCP 56, and is supported by the attached memorandum, the separate and concise statement of material facts, including the declarations and exhibits attached thereto. Per Local Rule 7.8, this Motion is made following conferences of counsel on September 22 and 27, 2021.

DATED: Honolulu, Hawai'i, September 29, 2021.

CADES SCHUTTE
A Limited Liability Law Partnership

/s/ Amanda M. Jones
AMANDA M. JONES
MICHAEL R. SOON FAH
Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.

3