725 Fed.Appx. 482
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007.
See also U.S.Ct. of App. 9th Cir. Rule 36-3.
United States Court of Appeals, Ninth Circuit.

Emiko YONEMOTO, in her capacity as
the authorized representative of the Estate
of Ronald Yonemoto, Plaintiff-Appellant,
v.
David J. SHULKIN, Secretary, United
States Department of Veterans
Affairs, Defendant-Appellee.

Nos. 15-16769, 16-16076
|
Submitted February 13, 2018[*] Honolulu, Hawaii
|
Filed February 15, 2018

**Synopsis**

**Background:** Employee of the United States Department of Veterans Affairs, who worked as health systems specialist within Geriatrics Rehabilitation and Extended Care (GREC), brought action against his employer, alleging that he was retaliated against, in violation of Title VII, and that employer denied him reasonable accommodation for his diabetes and depression, in violation of Rehabilitation Act. The United States District Court for the District of Hawai'i, [114 F.Supp.3d 1067](), [J. Michael Seabright](), C.J., entered judgment for employer on all but one claim and awarded attorney's fees and costs, and representative of employee's estate appealed.

**Holdings:** The Court of Appeals held that:

evidence was sufficient to establish that employee was unable to perform the essential functions of the job;

failure to engage in an interactive process with employee to find a reasonable accommodation did not result in liability under the Rehabilitation Act; and

court could reduce recovery of costs and attorney's fees based on unsuccessful claims.

Affirmed.

**Attorneys and Law Firms**

*483 [Elbridge W. Smith](), Esquire, Attorney, Smith Himmelmann, [Carl M. Varady](), Attorney, Honolulu, HI, for Plaintiff-Appellant

[Thomas A. Helper](), Assistant U.S. Attorney, DOJ—Office of the US Attorney, Honolulu, HI, for Defendant-Appellee

Appeal from the United States District Court for the District of Hawaii, J. [Michael Seabright](), Chief Judge, Presiding, D.C. No. 1:11-cv-00533-JMS-RLP

Before: [O'SCANNLAIN](), [CLIFTON](), and [IKUTA](), Circuit Judges.

*484 MEMORANDUM[**]

Emiko Yonemoto, in her capacity as the authorized representative of the Estate of Ronald Yonemoto, appeals the district court's decision following a bench trial and its order granting attorneys' fees and costs. We have jurisdiction under [28 U.S.C. § 1291]().

The district court's evidentiary decisions were not "illogical, implausible, or without support in inferences that may be drawn from the record." *[United States v. Hinkson]()*, [585 F.3d 1247, 1263 (9th Cir. 2009)](). Namely, the district court did not abuse its discretion in admitting out-of-court statements to show Dr. Michael Carethers's state of mind, *see [Larez v. City of L.A.]()*, [946 F.2d 630, 642 (9th Cir. 1991)](), or in admitting testimony from Brian O'Neill, James Hastings, and Kaulatie JangDhari to show Yonemoto was unable to perform GS-13 level work. The evidence admitted was relevant and probative as to whether Yonemoto could perform GS-13 level work, and the evidence's probative value outweighed any prejudice.

The district court did not err in rejecting Yonemoto's Title VII retaliation and hostile work environment claims. The Veterans Administration (VA) offered a legitimate, nondiscriminatory reason for both the office move and the lack of assigned work and Yonemoto was unable to carry his "ultimate burden" of persuading the court that the VA "intentionally discriminated"

# APPENDIX 5

against him. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Yonemoto waived his retaliation claim based on the denial of his proposal for a modified schedule because it was not properly raised before the district court. See *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006). The fact that Yonemoto presented this claim to the EEOC is irrelevant. See *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 n.27 (9th Cir. 2008).

The district court did not err in rejecting Yonemoto's Rehabilitation Act claim. Yonemoto was unable to perform the essential functions of the job because "[a]n essential function of almost every job is the ability to appropriately handle stress and interact with others," *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015), and the district court did not clearly err in concluding that Yonemoto was unable to complete substantive work independently, take constructive criticism, and avoid interpersonal issues. Because the district court's "account of the evidence is plausible in light of the record viewed in its entirety," we may not reverse it. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

\*485  Although the VA failed to engage in an interactive process with Yonemoto to find a reasonable accommodation, *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc) *judgment vacated on other grounds by U.S. Airways Inc. v. Barnett*, 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002), the district court did not err in concluding that no reasonable accommodation was possible, see *Morton v. United Parcel Serv., Inc.*, 272 F.3d 1249, 1256 & n.7 (9th Cir. 2001) *overruled on other grounds by Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007) (en banc), and therefore the VA has no liability on this ground.

Further, Yonemoto's Rehabilitation Act claim includes only discrete acts that occurred on or after July 3, 2011 because Yonemoto's initial contact with an EEO counselor occurred on August 17, 2011, and Yonemoto's claim may include only those discriminatory acts that occurred within 45 days prior to his report to the EEOC. 29 C.F.R. § 1614.105(a)(1); *see also Lyons v. England*, 307 F.3d 1092, 1108 (9th Cir. 2002). The EEOC did not expressly determine that Yonemoto's claim regarding incidents beginning November 29, 2010 was timely, and therefore the VA's reference to such claim had no effect. See *Girard v. Rubin*, 62 F.3d 1244, 1245–46 (9th Cir. 1995).

Finally, the district court did not abuse its discretion in its award of costs and fees. Even if Yonemoto's unsuccessful claims are related to his one successful claim, the limited nature of Yonemoto's success justified a reduction in costs and fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 435–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Yonemoto received limited damages on the successful claim and his success did not lead to any alteration in VA policies or any other "meaningful public benefit." *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009). The district court properly "considered the relationship between the amount of the fee awarded and the results obtained," *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933, and reduced the "attorneys fee award so that it is commensurate with the extent of the plaintiff's success," *McCown*, 565 F.3d at 1104 (quoting *McGinnis v. Ky. Fried Chicken*, 51 F.3d 805, 810 (9th Cir. 1994) ).

**AFFIRMED.**

**All Citations**

725 Fed.Appx. 482, 56 NDLR P 143

---

Footnotes

\*   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

---

**End of Document**    © 2021 Thomson Reuters. No claim to original U.S. Government Works.