IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PRESTON LEE,<br><br>        Plaintiff,<br><br>v.<br><br>L3HARRIS TECHNOLOGIES, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>        Defendant. | CIVIL NO. 1:20-CV-00489 LEK-KJM<br>(Other Civil Action)<br><br>**DECLARATION OF JOHN KREIDER** |

## **DECLARATION OF JOHN KREIDER**

I, John Kreider, hereby declare as follows:

1. I have been employed with L3Harris Technologies, Inc. ("**L3Harris**") since 2008. My current position is General Manager, Surveillance and Automated Solutions. I have held this position since 2017. My responsibilities in this position included management of the L3Harris contract at the Pacific Missile Range Facility ("**PMRF**") on Kauai until that contract ended on March 31, 2021. I make this declaration based on personal knowledge of the matters stated herein, unless otherwise noted.

2. L3Harris is a civilian contractor that provided services to the United States Navy at PMRF until March 31, 2021 when L3Harris's contract ended and it no longer employed any workers at PMRF. L3Harris supplied these services under a contract with its joint venture partner, Ke'aki Technologies, LLC ("**Ke'aki**"). The joint-venture was called "Manu Kai." As part of my job responsibilities with L3Harris, I had monthly meetings with Ross West, a Ke'aki employee, who was the program manager at PMRF responsible for the Navy contract. In addition, I had discussions with Mr. West outside of the monthly meetings when issues arose.

3. I do not believe I have ever met Preston Lee. However, I was made aware by Mr. West in December 2019 of concerns that Ke'aki had about Mr. Lee's conduct towards his co-workers and disruption of the workplace. Mr. West wanted to restrict Mr. Lee from accessing the employee areas of the base by collecting his CAC card and badge. I understood Mr. Lee was on leave at the time, and collection of those items was consistent with the policy for employees on an extended leave. I agreed with Mr. West's request to collect those items from Mr. Lee. With respect to the policy, attached hereto as Exhibit W is a true and correct copy of Manu Kai's Standard Operating Procedure for Contract Employee Identification Lanyards and Badges at the Pacific Missile Range Facility, dated April 26, 2019. This procedure has been maintained in the ordinary course of L3Harris's business as part of our operational records relating to the L3Harris

contract at PMRF.

4. Mr. West also requested that L3Harris elevate the concerns about Mr. Lee. Attached hereto as Exhibit V is a true and correct copy of an email that I received from Mr. West dated December 11, 2019, which attached a report by Keʻaki employee Scott Taylor regarding the report of gas theft made by Mr. Lee as outlined in Mr. West's email. This email with Mr. West's report has been retained since it was received from Mr. West as part of L3Harris' operational records in the ordinary course of business. I had discussions with Danielle Stewart, the Human Resources Business Partner, and her manager, Amanda Arnold, to review the circumstances the led to a prior written warning being issued to Mr. Lee due to an angry outburst directed at his lead man, and concerns raised by Mr. Lee's co-workers that were conveyed during Keaki's investigation of a gas theft complaint that Mr. Lee made against the lead man following the disciplinary action issued to Mr. Lee. I understood that Ms. Stewart had consulted with the L3Harris legal department, and thereafter recommended termination of Mr. Lee's employment in January 2020. I approved that termination decision in January 2020.

5. I was aware at the time that I approved the termination decision of references to the fact that Mr. Lee had PTSD. I do not know if he has PTSD or not, and that was not a factor in my decision to approve the termination decision. I approved the termination decision because of Mr. Lee's disruptive conduct in the

workplace. Likewise, my approval of Mr. West's request to collect the CAC card and badge from Mr. Lee had nothing to do with Mr. Lee allegedly having PTSD.

6.  The decision to terminate Mr. Lee's employment in January 2020 was not implemented in January 2020. I had discussions with Ms. Stewart and Ms. Arnold several months later about this issue again. Termination of Mr. Lee's employment was again recommended by Ms. Stewart, and I agreed with that recommendation due to the concerns about having Mr. Lee return to the base given his prior conduct at work. My agreement to terminate Mr. Lee's employment had nothing to do with PTSD or any other medical condition or alleged disability.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Herndon, Virginia, September 29, 2021.

_____
JOHN KREIDER