

*Fujiwara & Rosenbaum, LLLC*
1100 Alakea Street, FL 20, STE B
Honolulu, Hawaii 96813

November 2, 2021

Hon. Kenneth J. Mansfield
300 Ala Moana Blvd
Honolulu, HI 96850

Re: <u>Preston Lee v. L3Harris Technologies, Inc. et al;</u> CV No. 20-00489 LEK-KJM

**<u>Subject: Letter Brief Regarding Discovery Issue</u>**

Dear Magistrate Judge Mansfield:

Our firm represents Plaintiff Preston Lee in the above-referenced matter. This letter brief is written pursuant to Local Rule 37.1(c) and I hereby certify that it is in compliance with Local Rule 37.1 and that the parties have met and conferred regarding this discovery dispute. The deadline for the filing of this letter brief is today at 5 p.m. The discovery deadline in this matter is December 30, 2021. The jury trial is set for February 28, 2022.

**Relevant Background**:

The present action is rooted in Plaintiff Lee being wrongfully terminated by Defendant L3Harris Technologies, Inc. from his job as a painter at Barking Sands on Kaua'i. Plaintiff Lee was terminated based on his disability as a Navy veteran with PTSD in violation of both federal and state anti-discrimination laws. Mr. Lee also has a claim for whistleblower retaliation in the workplace under state law – HRS § 378-62. [ECM 20]. To date, Defendant has taken four (4) depositions, all of which were done in person including the deposition of Plaintiff Lee and his former cowoekrs Gilbert Castro, David Hesapene and Mark Vegas. In essence, Defendant asserts that its termination of Plaintiff Lee was not a violation of the law as they based their decision on alleged information management received that Plaintiff Lee may be a threat to those in the workplace. However, it is undisputed that Mr. Lee

never once got into any physical altercations in the workplace in his over twenty-six (26) years of employment at Barking Sands.

**Present Discovery Dispute**:

The parties have a discovery dispute as to whether Plaintiff Lee can have the depositions of four (4) of the key witnesses in his case taken in person, as his deposition was taken. Plaintiff Lee seeks to take the deposition of four (4) former employees of the Defendant (collectively referred to as "deponents"): Julie Broyles (HR rep), Sean Igne (former coworker of Plaintiff Lee), Rodney Martin (former supervisor of Plaintiff Lee) and Scott Taylor (former management personnel). Without substantial or factual justification, I have been informed by Defendant's counsel Amanda Jones that three (3) of the above-named deponents object to Plaintiff Lee being physically present with them at the depositions. Defendant, in essence, seeks a protective order to prevent Plaintiff Lee from physically being present with these deponents without providing a substantial or factual basis for their objections.

**Applicable Discovery Law:**

Protective Order Standard under FRCP Rule 26(c)(1)(E)

Federal Rule of Civil Procedure Rule 26(c)(1)(E) provides that the Court may enter a protective order which "designat[es] the persons who may be present" during the deposition upon showing "good cause" that the party requires protection from "annoyance, embarrassment, oppression or undue burden or expense."

It is clear that, since "a party's right to attend a deposition has a constitutional dimension and is therefore entitled to special protection," a party may only be excluded from a deposition under "extraordinary circumstances." *Hines v. Wilkinsons*, 163 F.R.D. 262, 266 (1995), citing *Galella v. Onassis,* 487 F.2d 986, 997 (2d Cir. 1973) (stating that the exclusion of a party from a deposition should "rarely" be ordered). As a result, "a particular and individualized showing of good cause" is required to exclude a party from a deposition under Rule 26(c)(1)(E). *Id.*

Most courts have granted protective orders to bar parties from attending depositions only in very limited circumstances. *See, e.g., Kerschbaumer v. Bell,* 112 F.R.D. 426 (1986) (denied because no evidence of harassment, secret information, falsification of testimony, or that attending deposition would make falsification of testimony likely); *Galella v. Onassis,* 487 F.2d 986, 997 (2d Cir.1973) (to prevent harassment after party willfully ignored restraining order); *United States v. Osidach,* 513 F.Supp. 51, 89 n. 22 (Penn. 1981); (granted to prevent coercion of witness); *Metal Foil Products Manufacturing Co. v. Reynolds Metals Co., Inc.,* 55 F.R.D. 491, 493 (E.D.Va.1970) (to prevent dissemination of trade secrets). A minority of the cases has gone so far as to grant these motions simply to ensure that deponents testify only to matters within their independent recollections and without any influence from statements made by other witnesses. *See, e.g., Beacon v. R.M. Jones Apartment Rentals,* 79 F.R.D. 141, 142 (N.D. Ohio 1978); *Milsen Co. v. Southland Co.,* 16 Fed.R.Serv.2d 110 (N.D.Ill.1972).

I believe the scope of Rule 26(c)(1)(E) is unsettled in this circuit, but the 1993 amendment makes it clear that subsection E should be invoked sparingly, with the burden on the movant showing good cause for sequestration under Rule 26(c)(1). *Skidmore v. Northwest Engineering Co.,* 90 F.R.D. 75 (S.D.Fla.1981). To make a showing of good cause, the movant has the burden of showing the injury "with specificity," *Pearson v. Miller,* 211 F.3d 57, 72 (3d Cir. 2000), by demonstrating a particular need for protection, *Cipollone v. Liggett Grp., Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986). The Court looks to whether the movant has set forth particular and specific demonstrations of fact, as distinguished from stereotyped and conclusory statements, *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (1981); *In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir.1998); broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, will not establish good cause, *Cipollone,* 785 F.2d at 1121. *See e.g., United States v. Garrett,* 571 F.2d 1323, 1326, n.3 (5th Cir.1978)) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"). Harm should be significant, not a mere trifle which may be addressed at trial. *Garrett,* 571 F.2d at 1326 (citing *Joy v. North,* 621 F.2d 880, 894 (2d Cir.1982)).

<u>Remote Depositions (Fed. R. Civ. Pro. 30(b)(4))</u>

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides as follows: "(4) By Remote Means. The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions."

Given the current circumstances of COVID-19, recent cases have explained the standards by which courts will consider motions for depositions by remote means. Courts engage in a two-part inquiry: (1) the party seeking remote depositions must advance a legitimate reason; and (2) the burden shifts to the opposing party to make a "particularized showing" that remote depositions are prejudicial. *Swenson v. GEICO Cas. Co.*, No. 219CV01639JCMNJK, 2020 WL 4815035, at *2 (D. Nev. Aug. 19, 2020) (internal citations omitted). If the party opposing remote depositions cannot show a "particularized showing," then the court should grant the motion. *Id.*

**Argument**:

Defendants have submitted that deponents Taylor, Igne and Broyles should not be physically present with Plaintiff Lee during their depositions and simple stated that "concerns were raised" without providing more. I made assurances to these deponents via Ms. Jones that there would be no issues and they had nothing to be concerned about if Plaintiff Lee is physically present at their depositions. As stated above, Plaintiff Lee has never been any physical altercation in the workplace and has never made threats against any of these deponents. There is no basis for them having "concerns". Any concern is not based in fact and is simple a conclusion made without reason. Plaintiff can only assume these "concerns" are fabricated and/or exaggerated. They provide no solid factual foundation for their alleged "concerns". Moreover, three (3) of Defendants former employees have already been deposed with Plaintiff physically present and none of them objected. Nothing of "concern" occurred at the depositions where Plaintiff was present.

Defendant proposes that Plaintiff should conduct these depositions via Zoom. However, Defendant has failed to make a showing of good cause that Plaintiff should not be physically present at the depositions as it failed to show the injury

4

"with specificity" and thus has not met its stringent burden. Therefore, this Court should rule that Defendant has not met the high burden to preclude Plaintiff from being physically present at the depositions. As such, the depositions should be conducted in person on Kauai as the previous four (4) depositions were. Such a ruling not only conforms with the applicable law, but it is fair and equitable as Defendants were privileged to get their depositions conducted in person. Plaintiff should be afforded the same privilege. If the deposition are conducted via Zoom, Plaintiff would be prejudiced in not having the advantages the Defendant had in being able to conduct the depositions in person to better gauge the deponent's reactions, mannerisms and other non-verbal ques and conduct that is often telling.

**Conclusion**:

Plaintiff requests that this Court order that the deponents be deposed in person with Plaintiff being physically present for each.

                    Thank you,
                                /s/ Joseph T. Rosenbaum
                                JOSEPH T. ROSENBAUM