

**Amanda M. Jones**
1000 Bishop Street, Suite 1200
Honolulu, Hawai'i  96813-4212
Direct Line: (808) 521-9232
Direct Fax: (808) 540-5017
Email: ajones@cades.com

November 2, 2021

**VIA CM/ECF**

Magistrate Judge Kenneth J. Mansfield
United States District Court
300 Ala Moana Boulevard, Room C-338
Honolulu, HI  96850

Re:   *Lee v. L3Harris Technologies, Inc.;* Civil No. 1:20-CV-00489 LEK-KJM

Dear Judge Mansfield:

In accordance with the Court's October 28, 2021 Electronic Order and Local Rule 37.1(c), we submit this letter brief on behalf of L3Harris Technologies, Inc. ("**L3Harris**").  In summary, the discovery issue that has arisen concerns Plaintiff Preston Lee's insistence that depositions he wants to notice of four non-party witnesses be conducted in-person with Plaintiff physically present.  Three of the four proposed deponents have expressed concern for their safety if Plaintiff is physically present in the room with them for the depositions, and have asked that the depositions be conducted via Zoom if Plaintiff desires to attend.  Plaintiff has rejected this approach. The only reason Plaintiff's counsel has articulated for the insistence on in-person depositions rather than via Zoom is that Plaintiff "**wants the depos to be in the flesh.**"

Counsel for the three witnesses that have expressed concern about Plaintiff's demand for in-person depositions have articulated their concerns in emails to my office, which are attached as Exhibits 1 and 2.  If the Court believes a Zoom or telephone conference would be beneficial in addressing this matter, we suggest that the attorneys representing those witnesses be asked to participate.

I.   BACKGROUND REGARDING DISCOVERY ISSUE

In late September 2021, counsel for Plaintiff said that he wanted to take the depositions of four individuals:  Sean Igne, Rodney Martin, Scott Taylor and Julie Broyles (collectively, "**Deponents**").  I advised Plaintiff's counsel that none of these individuals is employed by L3Harris[1], but that I could reach out to them or their employers to see if I could facilitate mutually agreeable dates and times for their depositions.  For scheduling purposes, I asked Plaintiff's counsel how long he anticipated each of the depositions to take.  I also asked whether he intended to conduct the depositions in person or via Zoom, as I anticipated a concern might be raised by at

---

[1] Mr. Igne and Mr. Martin were previously employed by L3Harris.  Mr. Taylor and Ms. Broyles were never L3Harris employees.

least one of the deponents about an in-person deposition if Plaintiff were going to be present. Plaintiff's counsel said he would get back to me on those issues.

On October 6, Plaintiff's counsel provided estimated lengths for the depositions of each of the Deponents and stated that he wanted to conduct all of the depositions in person. On October 8, I provided dates that Mr. Martin said he was available. On October 13, I heard from counsel for Mr. Taylor's employer that Mr. Taylor raised a concern about appearing in person for the deposition if Plaintiff were going to be present. I asked if Plaintiff's counsel was amenable to conducting the deposition via Zoom and advised that I was still waiting to hear back regarding Ms. Broyles and Mr. Igne, but anticipated a similar concern might be raised.

Plaintiff's counsel responded, "Mr. Lee has a right to be present and he wants to be present." Plaintiff's counsel suggested that I could assure the deponents that there "will be no issues at the depo and Mr. Lee will not be speaking." I responded the same day that if the depositions were conducted via Zoom, Plaintiff could be present to watch the deposition while also addressing the deponent concern. I asked that Plaintiff's counsel reconsider doing the depositions via Zoom as I didn't think an "assurance" from counsel would resolve it. There was no response.

On October 15, I advised Plaintiff's counsel about available dates for all of the requested Deponents and explained that concerns about appearing for a deposition in person if Plaintiff was present had also been raised by Mr. Igne and Ms. Broyles. I asked if counsel could confirm that the depositions could be conducted via Zoom.

Plaintiff's counsel responded that, "Mr. Lee wants to be physically present for the depos." He requested to take this matter up with you and hold off on scheduling the depositions until guidance could be obtained from the court. I reiterated that that Plaintiff could be present for the depositions on Zoom. I asked Plaintiff's counsel to explain why that was not an acceptable solution.

Plaintiff's counsel responded, "**Mr. Lee wants the depos to be in the flesh**, as his was, and he would like to be present." (Emphasis added). In other words, the sole reason given for the insistence that the depositions be conducted in person was that Plaintiff desires to see the Deponents "in the flesh," which suggests he wants the ability to intimidate them. Plaintiff's counsel has not identified any reason that he could not effectively depose these witnesses via Zoom, as many attorneys have done during the COVID-19 pandemic.

## II.     CONCERNS ARTICULATED BY COUNSEL FOR THE DEPONENTS

I informed counsel for the entity that employs Ms. Broyles and Mr. Taylor, Megumi Sakae of Marr Jones & Wang LLP, about Plaintiff's insistence on having the depositions in person. She sent me the email attached as Exhibit 1 summarizing the concerns raised by Mr. Broyles and Mr. Taylor, and proposing alternatives for their depositions.

Magistrate Judge Kenneth J. Mansfield
November 2, 2021
Page 3

      Mr. Igne has retained Gregory Meyers as his counsel. I asked Mr. Meyers to send me an email explaining his client's concerns about the proposed deposition. Mr. Meyers sent me the email attached as Exhibit 2.

### III.    CONCLUSION

      Plaintiff's articulated reason for the insistence on in-person depositions of non-party witnesses that are fearful of him tends to support that these witnesses have valid concerns about having to appear in person. To the extent the attached email messages are not sufficient, we suggest that counsel for those witnesses be asked to appear at a phone or Zoom conference to further explain their concerns. Thank you for your assistance with this matter.

                Very truly yours,

                */s/ Amanda M. Jones*

                Amanda M. Jones
                   for
                CADES SCHUTTE
                A Limited Liability Law Partnership

Enclosures:  Exhibits 1-2
cc:      Elizabeth J. Fujiwara, Esq. and Joseph T. Rosenbaum, Esq. via CM/ECF

**From:** Megumi Sakae <MSakae@marrjones.com>
**Sent:** Thursday, October 28, 2021 1:49 PM
**To:** Amanda Jones <ajones@cades.com>
**Subject:** Preston Lee depos submission

Dear Amanda, below is my client's position regarding the in-person depositions of Julie and Scott. Thank you, Megumi

    Marr Jones & Wang LLP represents non-party Alaka'ina Foundation of Companies dba Ke'aki Technologies, LLC ("**Keaki**") and Alaka'ina Foundation of Companies dba Koa Lani, LLC ("**Koa Lani**") (collectively, "**Alaka'ina**").

    As you know, Plaintiff seeks in-person depositions of two former Keaki management employees, Julie Broyles and Stuart "Scott" Taylor, who are now management employees of Koa Lani.

    Both Ms. Broyles and Mr. Taylor have serious concerns about appearing for their depositions in-person as they are aware of Plaintiff's irrationally angry outbursts towards those who he perceives wronged him. Ms. Broyles, as HR, is also aware of Plaintiff's past physical violence as well as his desire to instigate fights without reason. As a five-foot (5'0) tall woman, Plaintiff's six-foot frame, strong build, broad shoulders, and puffed chest add to the intimidation for Ms. Broyles. Mr. Taylor, after speaking with Plaintiff telephonically as part of an internal investigation, is aware of Plaintiff's pattern of violence, and believes Plaintiff is mentally unstable and needs professional psychological assistance. Thus, if Ms. Broyles and Mr. Taylor are required to be in an enclosed room with Plaintiff while they provide potentially adverse testimony, they fear Plaintiff will be abusive towards them not only verbally, but physically.

    To address Ms. Broyles and Mr. Taylor's concerns, Alaka'ina proposes the following alternatives to an in-person deposition:

1. (Preferred) Plaintiff take their depositions remotely, with Plaintiff muted at all times by the host of the video meeting.

2. Plaintiff attend remotely while the deponents appear in person, with Plaintiff muted at all times by the host of the video meeting.

3. If the parties and deponents must appear in-person, Plaintiff be required to hire security to be present during the deposition at all times.

    Alaka'ina understands Plaintiff's reason for insisting both he and the deponents physically be in the same room for the depositions is Plaintiff's "right to be there." However, Plaintiff's concern is misplaced.

    During the pandemic, thousands of depositions have occurred and continue to occur remotely via video for the safety of the deponents and others. Alaka'ina is unaware of any parties being deprived of their right to attend a deposition through such remote depositions. Thus, the proposals above do not deny Plaintiff access to the depositions, but rather allow the parties to prioritize safety while safeguarding Plaintiff's "right to be there."

    Therefore, Alaka'ina respectfully requests that the Court order the depositions to be conducted remotely under Fed. R. Civ. P. Rule 30(b)(4), or, in the alternative, if the deposition is in person, order Plaintiff to attend the deposition remotely or hire security to ensure the safety of the deponents.

*Megumi Sakae, Esq.*
*Marr Jones & Wang*
*A Limited Liability Law Partnership*
*Pauahi Tower*
*1003 Bishop Street, Suite 1500*
*Honolulu, Hawaii 96813*
*Telephone: (808) 536-4900*
*Facsimile: (808) 536-6700*
*Email:* msakae@marrjones.com

*Notice: This e-mail is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and/or otherwise protected by law.  If you are not the addressee or the intended recipient, any review, use, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at (808) 536-4900 or by reply e-mail and delete this e-mail message and any attachments from your work station and/or network mail system.*

# EXHIBIT 1

| | |
|---|---|
| **From:** | Greg Meyers <greg@meyerslawhawaii.com> |
| **Sent:** | Thursday, October 28, 2021 11:19 AM |
| **To:** | Amanda Jones |
| **Subject:** | Preston Lee v. L3Harris Technologies, Inc. Civil No. 1:20-CV-00489 LEK-KJM - Sean Igne's deposition |

Amanda,

I was recently retained by Sean Igne to assist him in his deposition in the above-referenced matter. Mr Igne is and has been fearful of Plaintiff Preston Lee for many years. Mr. Lee - who is a much bigger man than Mr. Igne - has threatened to fight Mr. Igne, challenged him to settle things outside the gates of the PMRF facility, and has even threatened to come find Mr. Igne while Mr. Igne is hunting alone in the mountains. For most of the years they have worked together, Mr. Igne has been bullied and intimidated by Mr. Lee at work. Given the bad blood and animosity between these two people, I believe a zoom deposition is more appropriate. I will be with Mr. Igne at my office to handle the technology details of the deposition. Since the COVID pandemic has taken hold, I have conducted almost all of my depositions, mediations and arbitrations involving off-island parties/counsel, via zoom. I have yet to encounter a problem or objection to this approach.

Thank you.

----
Gregory H. Meyers
Meyers & Meyers LLC
4442 Hardy Street, Suite 206
Lihue, Hawaii 96766
(808) 245-6688
(877) 647-6367 (fax)
greg@meyerslawhawaii.com

Please consider the environment before printing this e-mail. This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This e-mail and any attached files are deemed privileged and confidential, and are intended solely for the use of the individual(s) or entity to whom this e-mail is addressed. If you are not one of the named recipient(s) or believe that you have received this message in error, please delete this e-mail and any attached files from all locations in your computer, server, network, etc. and notify the sender IMMEDIATELY at (808) 245-6688. Any re-creation, dissemination, forwarding or copying of this e-mail and any attached files is strictly prohibited and may be unlawful. Receipt to anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. E-mail is an informal method of communication and is subject to possible data corruption, either accidentally or intentionally. Therefore, it is normally inappropriate to rely on legal advice contained in an e-mail without obtaining further confirmation of said advice.

1

# EXHIBIT 2