IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PRESTON LEE, | ) | Civil No. 20-00489 LEK-KJM |
| | ) | |
| Plaintiff, | ) | ORDER ON LOCAL RULE 37.1 |
| | ) | DISCOVERY DISPUTE |
| vs. | ) | |
| | ) | |
| L3HARRIS TECHNOLOGIES INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER ON LOCAL RULE 37.1 DISCOVERY DISPUTE

The parties are before the Court on a Local Rule 37.1 discovery dispute. ECF Nos. 67, 68.  The parties have satisfied their meet-and-confer obligation.  *Id.*  The dispute concerns whether the depositions of four non-party witnesses must occur in person, with Plaintiff present (as Plaintiff requests) or via remote technology with Plaintiff participating remotely (as three of the four witnesses request).  The Court has carefully reviewed the written submissions and rules as follows.

Plaintiff intends to depose four non-party witnesses: Sean Igne, Rodney Martin, Scott Taylor, and Julie Broyles.  Mr. Igne, Mr. Taylor, and Ms. Broyles object to being deposed in person with Plaintiff present.  Mr. Martin has expressed no objection.  Counsel for Mr. Igne asserts that Mr. Igne has been fearful of Plaintiff for years based upon Plaintiff's alleged violent threats to Mr. Igne.  ECF No. 68 at Ex. 2.  Counsel for Mr. Taylor and Ms. Broyles states that Ms. Broyles is fearful of Plaintiff due to "Plaintiff's past physical violence as well as his desire to instigate fights without reason."  *Id.* at Ex. 1.  Counsel represents that Mr. Taylor "is aware of Plaintiff's pattern of violence, and believes Plaintiff is mentally unstable and needs professional psychological assistance."  *Id.*

Plaintiff disputes the factual basis for the objections, as he squarely denies ever being in a physical altercation in the workplace.  ECF No. 67 at 1-2, 4.  Plaintiff also asserts that he "has never made threats against any of these deponents."  *Id.* at 4.  Plaintiff further argues that, out of basic fairness, the Defendant has taken four in-person depositions (of Plaintiff and three of his former co-workers) such that Plaintiff should be permitted the same accommodation.  Lastly, in addition to his own deposition, Plaintiff personally attended the other three depositions without incident or complaint.  Thus,

Plaintiff argues that the professed "concern" from the three non-party deponents "is not based in fact and is simpl[y] a conclusion made without reason." *Id.*

On this record, the Court is in no position to resolve whether the alleged past violence or threats of violence occurred. And although this discovery dispute focuses on these witnesses' professed fear of Plaintiff, the Court's May 18, 2020 Guidance Regarding Civil Case Management During The Covid-19 Emergency ("Civil Guidance Memo") still applies and sets the groundwork for resolution. Pursuant to the Civil Guidance Memo, the Court still encourages remote depositions, and "absent good cause, will order depositions to occur remotely until social distancing guidelines permit traditional, in-person depositions." https://www.hid.uscourts.gov/files/temp/Civil%20Guidance%20Memo%20Final.pdf.

The question is thus whether Plaintiff presents sufficient good cause to require in-person depositions. The Court finds that he has not. In the Court's personal experience with Zoom technology, including a civil bench trial held exclusively via Zoom, remote technology provides a sufficient basis to evaluate a witness's nonverbal responses, demeanor, and credibility. In this case, depositions conducted by video conference may even allow Plaintiff and his counsel to better assess each deponent's demeanor than they could in person,

given that the witness should have not to wear a mask during a remote deposition. The Court recognizes that there may be case-specific circumstances, even during a pandemic, that would support in-person depositions, but this matter does not present such a case.

Accordingly, the Court orders that Plaintiff's depositions of Mr. Igne, Mr. Taylor, and Ms. Broyles occur remotely. Given that Mr. Martin has not objected to an in-person deposition with Plaintiff present, his deposition may proceed in person with Plaintiff present.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 10, 2021.

Kenneth J. Mansfield
Unites States Magistrate Judge

*Lee v. L3Harris Technologies, Inc., et al.*, Civil No. 20-00489 LEK-KJM; Order on Local Rule 37.1 Discovery Dispute