CADES SCHUTTE
A Limited Liability Law Partnership

AMANDA M. JONES            8854-0
MICHAEL R. SOON FAH     11156-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email: ajones@cades.com
       msoonfah@cades.com

Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PRESTON LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>L3HARRIS TECHNOLOGIES, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>    Defendants. | CIVIL NO. 1:20-CV-00489 LEK-KJM (Other Civil Action)<br><br>**DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIMS;**<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT;**<br><br>**CERTIFICATE OF SERVICE** |

## DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIMS

Defendant L3Harris Technologies, Inc. ("**L3Harris**") moves for summary judgment on Plaintiff's remaining claims for disability discrimination under federal and state law, which are premised on the termination of his employment in June 2020. All other claims were dismissed and the dismissal was affirmed on appeal.

Following remand, Plaintiff Preston Lee ("**Lee**") disclosed for the first time that he was receiving disability benefits from the Social Security Administration ("**SSA**"). Despite previous discovery requests from L3Harris seeking documents regarding his disability benefits claims, Lee produced no documents regarding his SSA claims. The Court granted L3Harris's request to continue the trial so that it could subpoena records from the SSA and conduct other discovery relevant to Lee's claims for Social Security disability benefits. *See* Order (Dkt. 173).

Based upon that authorized discovery, L3Harris now brings this second motion for summary judgment seeking dismissal of Lee's remaining claims. Summary judgment should be entered because Lee's admissions in his deposition, in responses to requests for admission, and in statements submitted to SSA under penalty of perjury demonstrate that Lee cannot meet his burden of establishing a *prima facie* case of disability discrimination. Specifically, Lee cannot meet his burden of showing that he was a "qualified individual" who was able to work and perform the essential functions of his position at the time of his termination. He

cannot do so because Lee admitted he was unable to work beginning in November 2019 (seven months prior to the termination) through the present.

Based on these admissions, Lee cannot establish he was a qualified individual at the time of his termination and no juror could reasonably find in his favor. Lee cannot create a genuine issue of material fact by refuting his prior sworn statements. Thus, summary judgment should be entered on his remaining claims.

Furthermore, Lee confirmed at his deposition that he destroyed all of the documents he had relating to his claims for Social Security benefits after he began receiving such benefits in 2023, which is after Lee was served with L3Harris's discovery requests seeking information relating to disability benefits that Lee claimed or received. Lee's spoliation prejudices L3Harris because it has prevented L3Harris from fully examining Lee regarding the representations he made to the SSA and communications he had with third parties regarding several aspects of his SSA benefits claims, and challenging Lee's denial of certain facts, including that he contacted SSA *before* his employment with L3Harris terminated. Although summary judgment should be entered based on Lee's admissions outlined above, even if Lee could create a genuine issue of material fact, he should not be permitted to do that after having destroyed evidence that prevents L3Harris from challenging his assertions. Under the circumstances, dismissal would be an appropriate sanction for Lee's spoliation.

Lastly, even if the Court found a question of fact regarding whether Lee was a qualified individual, Lee's admitted inability to work from the date of his termination to the present precludes him from recovering any back pay or front pay, because it is undisputed that Plaintiff was not "**ready, willing and legally capable** of performing alternate work," as is required to obtain back pay or front pay. *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 832 (9th Cir. 2004) (emphasis added). Therefore, if the court does not enter summary judgment entirely, the court should enter summary judgment as to Lee's request for an award of any alleged wage loss.

This Motion is brought pursuant to FRCP 56, and is supported by the attached memorandum and the separate and concise statement of material facts, including the declarations and exhibits attached thereto.  Per Local Rule 7.8, this Motion is made following a conference of counsel that occurred on June 21, 2024.

DATED:  Honolulu, Hawaiʻi, June 28, 2024.

> CADES SCHUTTE
> A Limited Liability Law Partnership
>
> */s/* Amanda M. Jones
>
> AMANDA M. JONES
> MICHAEL R. SOON FAH
> Attorneys for Defendant
> L3HARRIS TECHNOLOGIES, INC.

3