IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PRESTON LEE,<br><br>      Plaintiff,<br><br>      v.<br><br>L3HARRIS TECHNOLOGIES, INC.;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATIONS 1-10; DOE<br>PARTNERSHIPS 1-10; DOE<br>UNINCORPORATED<br>ORGANIZATIONS 1-10; and DOE<br>GOVERNMENTAL AGENCIES 1-10,<br><br>      Defendant. | CIVIL NO.  1:20-CV-00489 LEK-KJM<br>(Other Civil Action)<br><br>**DECLARATION OF AMANDA M.<br>JONES** |

## <u>DECLARATION OF AMANDA M. JONES</u>

I, Amanda M. Jones, hereby declare as follows:

1.    I am an attorney with Cades Schutte LLP, attorneys for L3Harris

Technologies, Inc. ("**L3Harris**") in the above-captioned action. I make this

Declaration based on personal knowledge of the matters set forth herein. The records

attached to this Declaration are maintained by my firm in the ordinary course of

business as part of the firm's representation of L3Harris.

2.    Attached hereto as Exhibit A is a true and correct highlighted copy of

the court reporter's certificate, witness correction sheet, and excerpts from the

transcript of Plaintiff Preston Lee's deposition, which I conducted in this case on May 20, 2024. The transcript accurately reflects the testimony given by Mr. Lee at his deposition.

3. In response to the Subpoena to Testify at a Deposition in a Civil Action filed on March 11, 2024 [Dkt. 180], the United States Social Security Administration ("**SSA**") produced records relating to Plaintiff Preston Lee's ("**Lee**") applications for and receipt of Social Security benefits to Ralph Rosenberg Court Reporters. Attached hereto as Exhibit B is a true and correct copy of a Certification of Extract from Records dated April 29, 2024 bearing the SSA's official seal which accompanied the produced records (the "**SSA Produced Records**") and certifies that Ana Proffit, Deputy Assistant Regional Commissioner for Management and Operations Support of the SSA had legal custody of the SSA Produced Records and that all signatures of the SSA annexed to the SSA Produced Records are genuine and made to the signers' official capacity. The SSA Produced Records were bate stamped by Ralph Rosenberg and then produced to L3Harris. The documents attached as Exhibits C through I come from the SSA Produced Records.

4. Attached hereto as Exhibit C is a true and correct highlighted copy of bate stamped pages 4 through 5 of the SSA Produced Records which contains a letter from the SSA to Lee dated June 17, 2020. Exhibit C has been redacted to avoid disclosing personally identifiable information, e.g., Social Security Number, street

2

address and phone number ("hereinafter "**personally identifiable information**").

Exhibit C was identified as Exhibit 19 in Lee's deposition.

5.      Attached hereto as Exhibit D is a true and correct highlighted copy of bate stamped pages 6 through 14 of the SSA Produced Records which contains a letter from the SSA to Lee dated June 25, 2020. Exhibit D has been redacted to avoid disclosing personally identifiable information. Exhibit D was identified as Exhibit 20 in Lee's deposition.

6.      Attached hereto as Exhibit E is a true and correct highlighted copy of bate stamped pages 130 through 137 of the SSA Produced Records which contains a Work History Report dated July 1, 2020. Exhibit E has been redacted to avoid disclosing personally identifiable information. Exhibit E was identified as Exhibit 21 in Lee's deposition.

7.      Attached hereto as Exhibit F is a true and correct highlighted copy of bate stamped pages 80 through 83 of the SSA Produced Records which contains a letter from the SSA to Lee dated November 12, 2020. Exhibit F has been redacted to avoid disclosing personally identifiable information. Exhibit F was identified as Exhibit 22 in Lee's deposition.

8.      Attached hereto as Exhibit G is a true and correct highlighted copy of bate stamped page 15 of the SSA Produced Records which contains a Request for Reconsideration in a letter from the SSA dated February 2, 2021. Exhibit G has been

3

redacted to avoid disclosing personally identifiable information. Exhibit G was identified as Exhibit 23 in Lee's deposition.

9.    Attached hereto as Exhibit H is a true and correct highlighted copy of bate stamped pages 25 through 28 of the SSA Produced Records which contains an Internet Application Summary. Exhibit H has been redacted to avoid disclosing personally identifiable information. Exhibit H was identified as Exhibit 28 in Lee's deposition.

10.    Attached hereto as Exhibit I is a true and correct highlighted copy of bate stamped pages 39 through 44 of the SSA Produced Records which contains a Notice of Award letter from SSA to Lee dated March 21, 2023. Exhibit I was identified as Exhibit 30 in Lee's deposition.

11.    Attached hereto as Exhibit J is a true and correct highlighted copy of Lee's Response to Defendant L3Harris Technologies, Inc.'s First Request for Admissions to Plaintiff Preston Lee dated April 17, 2024, with all exhibits (L3Harris's "**RFA**"). Exhibit J has been redacted to avoid disclosing personally identifiable information.

12.    Attached hereto as Exhibit K is a true and correct highlighted copy of a Disability Report: Adult dated September 14, 2021. Exhibit K was attached as Exhibit D to L3Harris's RFA and was identified as Exhibit 29 in Lee's deposition. Exhibit K has been redacted to avoid disclosing personally identifiable information.

4

13.    Attached hereto as Exhibit L is a true and correct highlighted copy of a Function Report - Adult. Exhibit L was attached as Exhibit E to L3Harris's RFA and was identified as Exhibit 31 in Lee's deposition. Exhibit L has been redacted to avoid disclosing personally identifiable information.

14.    While on the record during Lee's deposition on May 20, 2024, I made a request that Lee search his Yahoo email account that was listed on Lee's SSA forms to locate and produce any correspondence pertaining to his Social Security disability benefits claims. Attached hereto as Exhibit M is (1) a true and correct highlighted copy of an email chain between myself and Lee's counsel between May 20, 2024 and June 3, 2024 following up after the deposition on L3Harris's request for Lee to search his Yahoo account for any emails responsive to L3Harris's requests for production of documents, and (2) a true and correct highlighted email that I received from Lee's counsel on June 5, 2024, in response to my emails stating that Lee had searched his records and "has nothing."

15.    No explanation has been given for the lack of email correspondence.

16.    On April 30, 2021, my office served on Lee's counsel L3Harris's First Request for Production of Documents to Plaintiff Preston Lee.  Lee responded to the request on June 10, 2021.  A true and correct copy of his response, with the relevant requests 38-40, and Lee's responses highlighted, is attached hereto as Exhibit N.

17.    Attached hereto as Exhibit O is a true and correct copy of highlighted

5

excerpts from Lee's Response to L3Harris's First Request for Answers to Interrogatories to Plaintiff Preston Lee dated June 10, 2021, including Lee's signed verification of his answers to the interrogatories.

18.    Attached hereto as Exhibit P is a true and correct copy of pages 1, 9, and 24 of the Declaration of Plaintiff Preston Lee that was attached to his Concise Statement of Facts filed on October 22, 2021 [Dkt. 61-5].

19.    Attached hereto as Exhibit Q is a true and correct highlighted copy of the Department of Veterans Affairs' decision dated February 7, 2019, which was attached as Exhibit D to L3Harris's Separate and Concise Statement of Material Facts in Support of its Motion for Summary Judgment filed on September 29, 2021 and was authenticated by the declarations attached to that Concise Statement. The document was previously filed under seal; however, in light of the Court's Order concerning a prior request to seal certain exhibits (Dkt. 109), as this document relates to the conditions that Lee has placed in issue in this lawsuit, the document is being filed publicly with redactions for personally identifiable information, as authorized in the Order.

20.    Attached hereto as Exhibit R is a true and correct copy of the Department of Veterans Affairs' decision dated February 7, 2019, which was attached as Exhibit I to L3Harris's Separate and Concise Statement of Material Facts in Support of its Motion for Summary Judgment filed on September 29, 2021 and

6

was authenticated by the declarations attached to that Concise Statement.  As with

Exhibit Q, this exhibit was previously filed under seal, but is being filed publicly in

light of the Court's Order (Dkt. 109) with redactions only for personally identifiable

information.

21.    Attached hereto as Exhibit S is a true and correct copy of a document

that was represented by Lee's counsel to be a document produced by SSA to Lee on

a CD in response to a request by Lee and then produced to my office. *See* Declaration

of Amanda M. Jones attached to L3Harris's Motion to Continue Trial, Modify First

Amended Order, and to Reopen Discovery, or in the Alternative, for Adverse

Instructions as a Sanction for Plaintiff's Untimely and Incomplete Production of

Documents filed on January 24, 2024 [Dkt. 105], at ¶15 and Ex. 10 attached thereto.

It purports to be a fax from Andrew S. Youngman of Citizens Disability to SSA

dated September 27, 2021, and was identified as Exhibit 26 to Lee's deposition.

Exhibit S has been redacted to avoid disclosing personally identifiable information.

22.    Attached hereto as Exhibit T is a true and correct copy of a document

that was represented by Lee's counsel to be a document produced by SSA to Lee on

a CD in response to a request by Lee and then produced to my office. *See* Declaration

of Amanda M. Jones attached to L3Harris's Motion to Continue Trial, Modify First

Amended Order, and to Reopen Discovery, or in the Alternative, for Adverse

Instructions as a Sanction for Plaintiff's Untimely and Incomplete Production of

7

Documents filed on January 24, 2024 [Dkt. 105], at ¶15 and Ex. 10 attached thereto. It is a document entitled "Claimant's Appointment of a Representative," and identified as Exhibit 27 to Lee's deposition. Exhibit T has been redacted to avoid disclosing personally identifiable information.

23.    Following the Ninth Circuit's remand, I discussed with Lee's counsel that supplemental discovery responses were needed to update matters, including as it related to damages that Lee was claiming. On November 17, 2023, Lee's counsel sent my office a supplemental interrogatory response from Lee that disclosed for the first time that Lee was receiving Social Security disability benefits.

24.    On June 21, 2024, I met and conferred with Lee's counsel by phone as required under Local Rule 7.8 prior to the filing of L3Harris's Motion for Summary Judgment.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, June 28, 2024.

/s/ Amanda M. Jones
AMANDA M. JONES

8