UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PRESTON LEE,<br><br>        Plaintiff,<br><br>    vs.<br><br>L3HARRIS TECHNOLOGIES, INC.,<br>JOHN DOES 1-10, JANE DOES 1-10,<br>DOE CORPORATIONS 1-10,  DOE<br>PARTNERSHIPS 1-10,  DOE<br>UNINCORPORATED ORGANIZATIONS 1-<br>10,  DOE GOVERNMENTAL AGENCIES<br>1-10,<br><br>        Defendants. | CIV. NO. 20-00489 LEK-KJM |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON REMAINING CLAIMS, [FILED JUNE 28, 2024 (DKT. NO. 199)];
AND DENYING DEFENDANT'S MOTION TO EXCLUDE REPORT AND TESTIMONY
OF DUANE SEABOLT [FILED SEPTEMBER 17, 2024 (DKT. NO. 202)]**

Before the Court is Defendant L3Harris Technologies,

Inc.'s ("L3Harris") Motion for Summary Judgment on Remaining

Claims ("Motion for Summary Judgment"), filed on June 28, 2024,

[dkt. no. 189,] and L3Harris's Motion to Exclude Report and

Testimony of Duane Seabolt, filed on September 17, 2024 ("Motion

to Exclude"), [dkt. no. 202]. Plaintiff Preston Lee ("Lee")

filed the memorandum in opposition to the Motion for Summary

Judgment on August 8, 2024, and L3Harris filed its reply to the

Motion for Summary Judgment ("Summary Judgment Reply") on August

15, 2024. [Dkt. nos. 194, 199.] The Motion for Summary Judgment

came on for hearing on September 24, 2024. For the reasons set

forth below, the Motion for Summary Judgment is granted. Summary

judgment is granted in favor of L3Harris on all remaining

claims. In light of the Court's ruling, the Motion to Exclude is

denied as moot.

## BACKGROUND

The case arises from L3Harris's termination of Lee's

employment on June 22, 2020. [First Amended Complaint, filed

2/11/21 (dkt. no. 20), at ¶¶ 14, 90; L3Harris's Separate and

Concise Statement of Material Facts in Support of its Motion for

Summary Judgment ("L3Harris's CSOF"), filed 6/28/24 (dkt.

no. 190), at ¶ 1; Plaintiff's Concise Statement of Facts ("Lee's

CSOF"), filed 8/8/24 (dkt. no. 195), at ¶ 1 (stating L3Harris's

¶ 1 is undisputed).]

On January 31, 2022, the Court issued its Order

Granting Defendant's Motion for Summary Judgment, and judgment

was entered the same day. [Order Granting Defendant's Motion for

Summary Judgment, filed 1/31/22 (dkt. no. 82) ("1/31/22 Order");[1]

Judgment in a Civil Case, filed 1/31/24 (dkt. no. 83).] Lee

appealed. See Plaintiff's Notice of Appeal to the United States

Court of Appeals for the Ninth Circuit, filed 2/25/22 (dkt.

no. 84). On August 18, 2023, the Ninth Circuit issued a

memorandum affirming in part, reversing in part, and remanding

---

[1] The 1/31/22 Order is also available at 2022 WL 281588.

the case. See United States Court of Appeal for the Ninth

Circuit Memorandum, filed 8/18/23 (dkt. no. 90) ("Ninth Circuit

Memorandum").[2] The claims currently at issue are Lee's claims of

disability discrimination in violation of Title I of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et

seq.* ("Count I") and in violation of Hawai`i Revised Statutes

Section 378-2 ("Count III"). See First Amended Complaint at

¶¶ 98-101, 106-10; Ninth Circuit Memorandum, 2023 WL 5318319 at

*2.

The underlying factual allegations are summarized in

the Court's 1/31/22 Order. See 1/31/22 Order, 2022 WL 281588, at

*1-5. Therefore, only the factual allegations pertinent to the

instant Motion for Summary Judgment are summarized below. At

issue in the Motion for Summary Judgment are Lee's

representations on two applications for Social Security

Disability Insurance Benefits ("SSDI benefits") to the Social

Security Administration ("SSA"), and Lee's statements concerning

his ability to work.

Lee states that, the entire time Lee worked for

L3Harris, Lee had Post-Traumatic Stress Disorder ("PTSD"), but

he was formally diagnosed with PTSD in 2017 or 2018. [Lee's

CSOF, Declaration of Preston Lee ("Lee Decl.") at ¶¶ 13, 17,

---

[2] The Ninth Circuit Memorandum is also available at 2023 WL
5318319.

22.] Lee took stress leave effective November 21, 2019. [Id. at

¶ 113.] As noted, L3Harris terminated Lee's employment on

June 22, 2020. [L3Harris's CSOF at ¶ 1; Lee's CSOF at ¶ 1.]

## I.    Social Security Disability Benefit Applications

Records produced by the SSA show that, a week prior to

his termination, Lee contacted the SSA regarding his eligibility

for supplemental security income, a program available to

individuals with disabilities.[3] [L3Harris's CSOF, Declaration of

Amanda M. Jones ("Jones Decl."), Exh. C (6/17/20 letter from SSA

to Lee) at PageID.4661 (stating the SSA office spoke to Lee on

6/16/20 about his eligibility for supplemental security

income).] Lee denies having contacted the SSA prior to his

termination, and states the date is a typographical error.

[Lee's CSOF at ¶ 2.]

Lee states he filed for SSDI benefits on June 25, 2020

("June 2020 Application"), because his termination exacerbated

his PTSD. Lee Decl. at ¶¶ 150-51; see also Jones Decl., Exh D

(6/25/20 letter from SSA to Lee transmitting his Application

---

[3] Supplemental security income is a program available to
individuals with disabilities and older adults with limited
resources. See, e.g., Supplemental Security Income (SSI),
available at https://www.ssa.gov/ssi (last visited Oct. 30,
2024). Supplemental security income is distinct from SSDI. See,
e.g., SSDI and SSI Benefits for People with Disabilities,
available at https://www.usa.gov/social-security-disability
(last visited Oct. 30, 2024).

Summary for Disability Insurance Benefits ("6/25/20 SSA Letter")) at 1 (noting Lee spoke with the SSA on 6/25/20).[4] Lee states he did not contact or file anything regarding SSDI benefits until he was terminated, and did not file anything on June 17, 2020. [Lee Decl. at ¶¶ 155, 162.]

In his June 2020 Application, Lee states he "became unable to work because of [his] disabling condition on November 18, 2019." [Jones Decl., Exh. D (6/25/20 SSA Letter) at 3.] The June 2020 Application was denied on November 12, 2020. See Lee Decl. at ¶ 158; Jones Decl., Exh. F (11/12/20 SSA Notice of Disapproved Claim). After the June 2020 Application was denied, Lee requested reconsideration, "because 100% disability of PTSD." [Jones Decl., Exh. G (Request for Reconsideration, dated 2/2/21); id., Exh. J (Plaintiff's Response to Defendant L3Harris Technologies, Inc.'s First Request for Admissions to Plaintiff Preston Lee, dated 4/7/23 ("Lee's Admissions")) at 2, Nos. 8-9; id., Exh. A (excerpts of transcript of 5/20/24 deposition of Lee ("Lee Depo.")) at 50-51.]

The parties dispute the date Lee filed his second SSDI benefits application. In Lee's response to L3Harris's request for admissions, dated April 7, 2023, Lee admitted he filed

---

[4] Lee also filed a redacted version of the 6/25/20 SSA Letter as Exhibit B to Lee's CSOF on August 9, 2024. [Dkt. no. 196-1.]

another claim for SSDI benefits in September 2021, and admitted

an attached exhibit was the correct copy of said application.

[Jones Decl., Exh. J (Lee's Admissions) at 2, Nos. 10-11; id. at

PageID.4705-09 (Exh. B to Lee's Admissions - Lee's SSDI

Application); id. at PageID.4710 (Exh. C to Lee's Admissions –

signature page for the application, dated 9/14/21).] However,

Lee argues his second SSDI benefits application was filed on

October 6, 2021. [Lee Decl. at ¶ 165.] Although the parties

dispute when Lee filed this application,[5] the application listed

Lee's disability start date as June 23, 2020, the day after his

termination. [Id.; Lee's CSOF, Declaration of Joseph T.

Rosenbaum, Exh. C (SSA Internet Application Summary of Lee's

October 2021 Application);[6] Jones Decl., Exh. J (Lee's

Admissions) at PageID.4705 (Page 1 of 7 of Lee's Fall 2021

Application).]

        In statements Lee made in connection with his claims

for disability benefits, Lee noted his conditions limit his

ability to work by impacting his concentration, memory, ability

to follow instructions, and getting along with others. See Jones

Decl., Exh. L (Function Report - Adult) at 3, 8; id., Exh. J

---

        [5] For simplicity, the Court will refer to Lee's second SSDI
application as the Fall 2021 Application.

        [6] Lee filed a redacted version of Exhibit C on August 9,
2024. [Dkt. no. 197-1.]

(Lee's Admissions) at PageID.4731-38 (Exh. F - Function Report –
Adult, dated 2/22/22); id., Exh. K (Disability Report Adult,
dated 9/14/21) at PageID.4740, § 3.A (listing PTSD and other
conditions that limit Lee's ability to work). Lee states that
these conditions predated the termination of Lee's employment.
See Jones Decl., Exh. A (Lee Depo.) at 67-69; see also id., Exh.
L (Function Report - Adult) at PageID.4751-52, at §§ B.5, C.11
(describing problems originating from his deployment); id., Exh.
A (Lee Depo.) at 74-77. Lee has never informed the SSA that his
condition improved. [Id., Exh. A (Lee Depo.) at 41-42.[7]]

        Lee understood he was obligated to be truthful in
applications for SSDI benefits, and confirmed the statements he
submitted to the SSA were accurate. [L3Harris's CSOF at ¶ 7,
Lee's CSOF at ¶ 7.] Lee denies submitting false information to
the SSA, and has never informed the SSA that any submission was
inaccurate or mistaken. See Jones Decl., Exh. A (Lee Depo.) at
10-11; id., Exh. J (Lee's Admissions) at 5, No. 27.

---

    [7] In a separate benefits application process with the United
States Department of Veteran's Affairs ("VA"), the VA concluded
on February 7, 2019 that Lee was 100% disabled, based on
"[o]ccupational and social impairment," "[d]ifficulty in
adapting to a worklike setting," "[d]ifficulty in adapting to
stressful circumstances," "[d]ifficulty in adapting to work,"
"[i]mpaired impulse control," and "[i]nability to establish and
maintain effective work and social relationships." [Jones Decl.,
Exh. Q (2/7/19 Department of Veterans Affairs decision ("VA
Decision")) at 4.]

Lee was granted disability benefits and issued his first payment in March 2023. [L3Harris's CSOF at ¶ 19, Lee's CSOF at ¶ 19.[8]]

## II. Subsequent Statements Pertinent to Lee's Ability to Work

Lee later confirmed that he informed the SSA that he was unable to work as of November 18, 2019, in a response to a request for admission. [Jones Decl., Exh. J (Lee's Admissions) at 1, No. 5 (admitting that "[a]fter his employment was terminated, Plaintiff Preston Lee told the Social Security Disability Administration that he had been fired on June 22, 2020, and that his conditions became severe enough to keep from working as of November 18, 2019").

In a deposition taken May 20, 2024, Lee stated he "want[s] to go back to work if [he] could," but his disability "prohibit[ed him] from working, from November 18th, 2019, to present." [Jones Decl., Exh. A (Lee Depo.) at 38-39.] Lee stated he remains unable to work. [Id. at 38-39, 41-42, 94-95.]

In connection to the instant Motion for Summary Judgment, Lee submitted a declaration that contradicts his prior statements about his ability to work. In his declaration, Lee

---

[8] After Lee was granted his SSDI benefits, he destroyed any documents in his possession related to his SSDI benefits claim. [L3Harris's CSOF at ¶ 20; Lee's CSOF at ¶ 20; Lee Decl. at ¶ 167.] Lee also states he has no email communications with the SSA office related to his SSDI benefits in his email account. [Lee Decl. at ¶ 169.]

states he was able to work prior to his termination. Lee Decl. at ¶¶ 152, 164; see also Lee's CSOF at Plaintiff's Statement of Facts in Opposition, ¶ 26. Lee states that, as of April 1, 2020, he was able to work and his doctor had cleared him to return to work. [Lee Decl. at ¶ 122.] Lee states it was only after he was terminated that his condition deteriorated. [Id. at ¶¶ 148-50.] Lee also explains why he listed his date of disability as November 18, 2019, the last day he worked before being terminated, on his June 2020 Application. He states the answer was based on what he understood the question to mean at the time. [Id. at ¶ 161.] Lee states he "probably filled [his June 2020 Application] out wrong" because he gets confused and has headaches when he fills out such forms. [Id. at ¶ 159.] Lee states no one assisted him in filing his June 2020 Application. [Id. at ¶ 156.]

L3Harris argues that Lee cannot meet the qualified individual element of a prima facie case of disability discrimination under the ADA and Hawai`i Revised Statutes Section 378-2 because Lee admitted he was unable to work at the time of his termination in his deposition, and in his June 2020 Application, which he never corrected. Further, L3Harris contends other evidence demonstrates Lee was unable to work at the time of termination, such as Lee's request for reconsideration of the denial of the June 2020 Application where

he claimed he was "100% disabled"; and function reports

submitted in connection with his claims for disability benefits

describing conditions. [Motion for Summary Judgment, Mem. in

Supp. at 9-14.] L3Harris also asserts the sham affidavit rule

bars Lee from creating an issue of fact regarding his ability to

work vis-à-vis his declaration attached to his memorandum in

opposition when the declaration directly contradicts his prior

deposition testimony without explanation. [Summary Judgment

Reply at 2-5.]

**DISCUSSION**

I.   **Plaintiff's Prima Facie Case**

        To determine whether Lee created a triable issue of

disability discrimination in employment under federal and

Hawai`i law, the Court uses the burden-shifting framework set

forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

See Curley v. City of N. Las Vegas, 772 F.3d 629, 632 (9th Cir.

2014); Nozawa v. Operating Eng'rs Loc. Union No. 3, 142 Hawai`i

331, 342-43, 418 P.3d 1187, 1198-99 (2018). To make out a prima

facie case, Lee must present evidence demonstrating that "(1) he

is a disabled person within the meaning of the statute; (2) he

is a qualified individual with a disability; and (3) he suffered

an adverse employment action because of his disability." See

Hutton v. Elf Atochem N. Am., Inc., 273 F.3d 884, 891 (9th Cir.

2001) (citation omitted). A prima facie case of disability

discrimination is the same under state law in Hawai`i, pursuant

to Hawai`i Revised Statutes Section 378-2. See French v. Haw.

Pizza Hut, Inc., 105 Hawai`i 462, 467, 99 P.3d 1046, 1051

(2004).

At issue is the second element, whether Lee was a

"qualified individual" at the time of his termination. Cf.

Anthony v. Trax Int'l Corp., 955 F.3d 1123, 1132 (9th Cir. 2020)

(indicating that the plaintiff must show he was qualified for

the position at the time of the alleged discrimination). A

"qualified individual" is "an individual who, with or without

reasonable accommodation, can perform the essential functions of

the employment position that such individual holds or desires."

42 U.S.C. § 12111(8); see also 29 C.F.R. § 1630.2(m). Essential

functions are "the fundamental job duties of the employment

position . . . . not includ[ing] the marginal functions of the

position." 29 C.F.R. § 1630.2(n)(1).

> "If a disabled person cannot perform a job's
> 'essential functions' (even with a reasonable
> accommodation), then the ADA's employment
> protections do not apply." Cripe [v. City of San
> Jose], 261 F.3d [877,] 884–85 [(9th Cir. 2001)].
> "If, on the other hand, a person can perform a
> job's essential functions, and therefore is a
> qualified individual, then the ADA prohibits
> discrimination" with respect to the employment
> actions outlined in 42 U.S.C. § 12112(a). Id.

Bates v. United Parcel Serv., Inc., 511 F.3d 974, 989 (9th Cir.

2007) (en banc).

Plaintiff carries the burden of proving he is a qualified individual. See Anthony, 955 F.3d at 1127. If there is no genuine issue of material fact that a plaintiff-employee is unable to perform the essential functions of his position at the time of termination, with or without accommodation, summary judgment for the employer is warranted. See Kaplan v. City of N. Las Vegas, 323 F.3d 1226, 1230–33 (9th Cir. 2003) (holding that there was no genuine issue of material fact that the plaintiff could not perform the essential functions of his job at the time of termination in light of the undisputed medical records and the plaintiff's admissions regarding his hand pain); see also Bohl v. City of Sparks, 320 F. App'x 770, 771 (9th Cir. 2009) (affirming summary judgment in favor the defendant on an ADA claim where the plaintiff admitted he was unable to perform the essential functions of his job).

As to apparent conflicts between a plaintiff's ADA claim and a statement made on a disability benefits application, such as Lee's June 2020 and Fall 2021 Application, courts conduct a two-step analysis. First, a court must determine whether a claim "inherently conflicts" with a disability claim. Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 956 (9th Cir. 2013) (brackets omitted). If there is no such conflict, a court must analyze whether the disability benefits claim "genuinely conflict[s]" with the ADA claim "so as to negate an essential

12

element of [the] ADA claim." Id. (citation and internal quotation marks omitted).

A claim for SSDI benefits does not inherently conflict with an ADA claim as a matter of law. See Cleveland v. Pol'y Mgmt. Sys. Corp., 526 U.S. 795, 802-05 (1999). Therefore, to survive summary judgment despite an apparently contradictory statement in an SSDI benefits application, Lee needs to "proffer a sufficient explanation" that is "sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement [of total inability to work], the plaintiff could nonetheless 'perform the essential functions' of [his] job, with or without 'reasonable accommodation.'" See id. at 806-07. This standard is "not an exceedingly demanding one," and plaintiffs have "wide latitude to overcome apparent conflicts between their disability applications and their ADA claims." Smith, 727 F.3d at 958 (citation and internal quotation marks omitted).

Before undertaking this analysis, the Court must first determine if it can consider statements Lee made in his declaration. Lee submits a sworn declaration in conjunction with his opposition to the Motion. In the declaration, Lee states: "[u]p until my termination, I was ready and willing to return to work," and that "the exacerbation of my PTSD caused by my termination . . . caused me to no longer be able to work." Lee

13

Decl. at ¶¶ 150, 152; see also id. at ¶ 164. In his declaration,
Lee states he was able to work on April 1, 2020, and his doctor
cleared him to return to work. [Lee Decl. at ¶ 122.]

These statements in his declaration conflict with his
prior deposition testimony that he was unable to work as of
November 18, 2019. In his deposition, he testified:

> I want to work, but I cannot. I wish I could.
> Today I want to – today I wish I had my job.
> Right now I want to go back to work if I could,
> but because of my disability it's prohibiting me
> from working, from November 18th, 2019 to
> present.

[Jones Decl., Exh. A (Lee Depo.) at 38-39.] Lee has not
corrected the deposition transcript. See Summary Judgment Reply,
Declaration of Amanda M. Jones ("Jones Reply Decl."), Exh. U
(Witness Correction Sheet and Certificate for the transcript of
Lee's 5/20/24 deposition, dated 7/22/24). Similarly, Lee
confirmed he told the SSA that he was unable to work as of
November 18, 2019, in a response to a request for admission.
[Jones Decl., Exh. J (Lee's Admissions) at 1, No. 5.]

"The general rule in the Ninth Circuit is that a party
cannot create an issue of fact by an affidavit contradicting his
prior deposition testimony." Yeager v. Bowlin, 693 F.3d 1076,
1080 (9th Cir. 2012) (citation and quotation marks omitted). The
"sham affidavit rule prevents a party who has been examined at
length on deposition from raising an issue of fact simply by

14

submitting an affidavit contradicting his own prior testimony,
which would greatly diminish the utility of summary judgment as
a procedure for screening out sham issues of fact." Id.
(brackets, citations, and internal quotation marks omitted).
"[N]ew facts, accompanied by a reasonable explanation, should
not ordinarily lead to the striking of a declaration as a sham."
Id. at 1081 (citing Cleveland v. Policy Mgmt. Sys. Corp., 526
U.S. 795, 806–07, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999)).
The sham affidavit rule does not prevent the non-moving party
from elaborating upon or clarifying prior testimony. See Nelson
v. City of Davis, 571 F.3d 924, 928 (9th Cir. 2009).

      This rule "should be applied with caution because it
is in tension with the principle that the court is not to make
credibility determinations when granting or denying summary
judgment." Yeager, 693 F.3d at 1080 (citation omitted). To
trigger the rule, the "district court must make a factual
determination that the contradiction is a sham, and the
inconsistency between a party's deposition testimony and
subsequent affidavit must be clear and unambiguous to justify
striking the affidavit." Id. (citation and internal quotation
marks omitted). This may occur when a declaration contains facts
that the affiant previously testified he could not remember,
unaccompanied by a reasonable explanation for the refreshed
recollection. Id. at 1080-81. The sham affidavit rule does not

apply where "a deponent's memory could credibly have been refreshed by subsequent events, including discussions with others or his review of documents, record, or papers." Id. at 1081.

The Court finds the sham affidavit rule applies to the portions of the Lee Declaration in which he states he was able to work after November 18, 2019. The Lee Declaration "flatly contradicts" Lee's deposition regarding his ability to work. See Van Asdale v. Int'l Game Tech., 577 F.3d 989, 999 (9th Cir. 2009). This contradiction is clear and unambiguous, and Lee has not offered any explanation for this contradiction. The only explanation Lee offers concerns why he put the date of disability as November 18, 2019 on his June 2020 Application. See Lee Decl. at ¶ 161 (explaining that because that was the last day he worked before being terminated and that was what he understood the question to mean at the time). Therefore, the Court finds the portions of the Lee Declaration in which he states he was able to work after November 18, 2019 to be a sham. This includes Lee's explanation for why he put the date of disability as November 18, 2019 on his June 2020 Application. These statements in his declaration cannot be used to create an issue of fact. See David v. Betts, CIV. NO. 20-00002 JMS-WRP, 2024 WL 2214613, at *17 n.24 (D. Hawai`i May 15, 2024) (striking a statement in a defendant's declaration, and pointing out the

16

declarant "has not attempted to explain or resolve the clear

contradiction"). Therefore, the Court will not consider those

portions of the Lee Declaration for purposes of the instant

Motion.

Accordingly, Lee has not proffered a sufficient

explanation for his representation in his June 2020 Application

that he became unable to work because of his disabling condition

on November 18, 2019 "to warrant a reasonable juror's concluding

that, assuming the truth of, or the plaintiff's good-faith

belief in, the earlier statement [of total inability to work],

the plaintiff could nonetheless 'perform the essential

functions' of [his] job, with or without 'reasonable

accommodation.'" See Cleveland, 526 U.S. at 807.

To the contrary, Lee testified he was unable to work

beginning November 18, 2019. [Jones Decl., Exh. A (Lee Depo.) at

38-39.] Lee's testimony that he was unable to work from

November 18, 2019 through the time of his deposition in May 2024

compels the conclusion that Lee was unable to perform the

essential functions of his job with L3Harris at the time of his

termination. See Kaplan, 323 F.3d at 1230–31; see also Hansen v.

Robinson Nev. Mining Co., 668 F. App'x 257, 258 (9th Cir. 2016)

(concluding that the plaintiff's "admitted inability to work as

a mine maintenance mechanic compels the conclusion that he could

not perform the essential functions of his prior job" and

17

affirming summary judgment in favor of the employer); <u>Lawler v. Montblanc N. Am., LLC</u>, 704 F.3d 1235, 1243 (9th Cir. 2013) (affirming the grant of summary judgment in favor of the employer on the plaintiff's disability discrimination claim under California law because the employee admitted her disability prevented her from performing any work and the employee "offer[ed] no submission establishing a triable issue of fact"). Thus, Lee has failed to establish he was a "qualified individual" at the time of his termination.

Lee has failed to establish a prima facie case of disability discrimination pursuant to either the ADA or Hawai`i Revised Statutes Section 378-2. Therefore, L3Harris is entitled to summary judgment on the remaining claims. <u>See</u> Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

In light of the foregoing, the Court will not address L3Harris's arguments in the alternative concerning sanctions for spoliation of evidence, and whether Lee may recover backpay and front pay. <u>See</u> Motion for Summary Judgment, Mem. in Supp. at 14-23. Further, the Court denies as moot the Motion to Exclude.

## CONCLUSION

For the foregoing reasons, L3Harris's Motion for Summary Judgment on Remaining Claims, filed June 28, 2024, is

18

GRANTED. Summary judgment is GRANTED in favor of L3Harris as to

all remaining claims. Lee's Motion to Exclude Report and

Testimony of Duane Seabolt, filed September 17, 2024, is DENIED

AS MOOT. The Clerk's Office is DIRECTED to enter judgment in

favor of L3Harris on **November 15, 2024.**

IT IS SO ORDERED.

DATE AT HONOLULU, HAWAII, October 31, 2024.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**PRESTON LEE VS. L3HARRIS TECHNOLOGIES, INC., ET AL; CV 20-00489
LEK-KJM; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON REMAINING CLAIMS, [FILED JUNE 28, 2024 (DKT. NO. 199)]; AND
DENYING DEFENDANT'S MOTION TO EXCLUDE REPORT AND TESTIMONY OR
DUANE SEABOLT [FILED SEPTEMBER 17, 2024 (DKT. NO. 202)]**