IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PRESTON LEE, | ) CV 20-00489 LEK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Honolulu, Hawai'i |
| | ) September 24, 2024 |
| L3HARRIS TECHNOLOGIES, INC.; | ) |
| JOHN DOES 1-10; JANE DOES | ) VIDEOCONFERENCE MOTION |
| 1-10; DOE CORPORATIONS 1-10; | ) HEARING |
| DOE PARTNERSHIPS 1-10; DOE | ) [189] DEFENDANT'S MOTION FOR |
| UNINCORPORATED ORGANIZATIONS | ) SUMMARY JUDGMENT ON |
| 1-10; and DOE GOVERNMENTAL | ) REMAINING CLAIMS |
| AGENCIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE LESLIE E. KOBAYASHI
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | JOSEPH T. ROSENBAUM, ESQ. |
| | Fujiwara and Rosenbaum, LLLC |
| | 1100 Alakea Street 20th Fl., Suite B |
| | Honolulu, Hawai'i 96813 |
| | |
| For the Defendants: | AMANDA M. JONES, ESQ. |
| | MICHAEL RAYMOND SOON FAH, ESQ. |
| | Cades Schutte LLP |
| | Cades Schutte Building |
| | 1000 Bishop Street 12th Floor |
| | Honolulu, Hawai'i 96813 |
| | |
| Official Court Reporter: | Debra Read, RDR |
| | United States District Court |
| | 300 Ala Moana Boulevard |
| | Honolulu, Hawaii 96850 |
| | readit3949@gmail.com |

Proceedings recorded by machine shorthand, transcript produced with computer-aided transcription (CAT).

UNITED STATES DISTRICT COURT

TUESDAY, SEPTEMBER 24, 2024                        9:51 A.M.

THE COURTROOM MANAGER:  Good morning, everyone. Sorry for the delay.  We'll go ahead and get started.

Okay.  So just a few reminders.  All hearings are strictly prohibited from being recorded or broadcasted, in whole or in part, in any fashion.  For members of the public who have joined this meeting by audio only, please mute your phone to minimize any audio interference during our hearing. This hearing is being taken by a court reporter.  To ensure we have a clear record, please speak clearly and directly into your microphone.  Please mute your microphone when you are not speaking, and if for some reason you get disconnected, please follow the original instructions to rejoin the call.

Okay.  Thank you.  Judge will be in shortly.

(Brief pause.)

THE COURTROOM MANAGER:  Good morning, Judge.

THE COURT:  Good morning.  Please call the case.

THE COURTROOM MANAGER:  Okay.  Will do.

The United States District Court for the District of Hawai'i with the Honorable Leslie E. Kobayashi, United States District Judge presiding, is now in session.

Criminal No. 20-00489 LEK-KJM, Preston Lee versus L3Harris Technologies, Inc., et al.

This case has been called for Motion for Summary Judgment on Remaining Claims.

Counsel, please make your appearances for the record, starting with the plaintiff.

MR. ROSENBAUM:  Good morning, Your Honor.

Joseph Rosenbaum for plaintiff, Preston Lee.

THE COURT:  Good morning, Mr. Rosenbaum.

Ms. Jones.

MS. JONES:  Good morning, Your Honor.

Amanda Jones and Michael Soon Fah appearing for L3Harris Technologies.

THE COURT:  Good morning to you both.  Apologize for the delay; a little technical difficulties this morning.

But I have received and reviewed your submissions.  We're here for the summary judgment on the remaining claims that Ms. Jones has filed, and Mr. Lee has filed an opposition.

The court's inclination for you this morning is that the court is inclined to grant insofar as the summary judgment as to Lee's claim for back pay and front pay, and also as to an adverse jury instruction being warranted.

I, however, am inclined to deny and am inclined to find that Mr. Lee has established a prima facie case of disability discrimination and also conclude that dismissal sanction is not warranted as it is an extreme sanction, and although there's, you know, some argument for the sanction, that dismissal appears to be extreme.

But that is just my inclinations and I'm happy to hear

UNITED STATES DISTRICT COURT

any argument and so forth before issuing the final ruling.

It is Ms. Jones's motion, so I'll turn first to her, and then I'll give Mr. Rosenbaum an opportunity to respond.

MS. JONES:  Thank you, Your Honor.

I would like to address the prima facie case and your inclination there.  Critically here, Mr. Lee has made statements under penalty of perjury both in his deposition and to the Social Security Administration that negate an essential element of the prima facie case.

Specifically, he stated in a factual statement that he was unable to work beginning seven months before the termination of his employment up to the present time.

Now, in response to that argument in our motion, Mr. Lee presents only one thing which is his declaration in which he contradicts those sworn statements by maintaining that he was able to work up until the point that he was terminated.  And he attempts to explain the contrary statement -- the contrary assertion in his social security application by saying that he didn't understand the form.  Okay.

But he did not attempt to and as a practical matter could not explain the clear and unambiguous statement he made in his deposition.  He -- his opposition doesn't address his deposition testimony at all in which he said that because of his disability, that prohibits him from working from November 18, 2019, to the present which is 2024.

He didn't correct his deposition testimony when given an opportunity to do so, and his contrary declaration should, therefore, be found to be a sham.  It does not create a genuine issue of material fact and summary judgment should be granted because he can't make that prima facie element.

He has the burden of proof and he has the burden of establishing that he was a qualified individual at the time of his termination, and his clear statement in his deposition, which was Exhibit A to the concise statement at pages 38 to 39 of the deposition transcript, PageID 485-98 to -99, he clearly and unambiguously stated that he was unable to work beginning in November 2019 up until the present, and that was consistent -- the deposition testimony wasn't surprising because it's entirely consistent with the statement that he made in his application to the Social Security Administration just three days after he was terminated in which he said that he had been disabled and unable to work since November 2019.

So given those two -- Your Honor, you're on mute.

THE COURT:  Sorry.  I understand the stark differences that you're pointing out, but then the question becomes is it a sham affidavit or is this an issue for the fact finder in terms of credibility, right?

And what the case law tells us is that the court must proceed very carefully and with caution in terms of trying not to usurp the fact finder's responsibility to make a credibility

determination.

And so I understand your argument to be that the facts are so divergent from one another, that is, his current declaration in opposition to the summary judgment and his testimony given under oath, sworn testimony, that it falls on the side of sham affidavit as opposed to a credibility assessment.

Certainly what you pointed out is great fodder for cross-examination, but then the real key part of it here on a motion for summary judgment on the sham affidavit is that even proceeding cautiously, whether or not as the law indicates -- let's see -- whether or not that is new facts accompanied by a reasonable explanation to not lead to the striking of a declaration as a sham, or whether or not the court can make a factual determination that the contradiction is a sham and the inconsistency between Mr. Lee's deposition testimony and subsequent affidavit is so clear and unambiguous, it justifies striking the affidavit, right?

And so that's where we are. And so I certainly appreciate your argument. I guess I would just give you sort of one last shot at what -- you know, why isn't this just a credibility determination? You can have the opportunity to eviscerate him on cross-examination -- right? -- as opposed to the court making that determination because it's so clear and unambiguous.

MS. JONES:  Well, number one, because the statement that he made in his deposition is clear and unambiguous:  He was not able to work since November 2019 up until the present.

And we have bolstered by that the sworn statement he made under penalty of perjury to the Social Security Administration, and he admits he made that because he admitted it in his answers to requests for admissions.

So we have two pieces of evidence where he has said under penalty of perjury very clearly, "I was unable to work since November 2019."  Okay?

And in response to that, presenting that deposition testimony, he didn't offer any explanation for why he said that in his deposition.  It -- the circumstances in which the courts have not applied the sham affidavit rule involve situations where somebody comes back and they say, "Well, you know, here's the reason I gave that answer in the deposition," or, you know, "I subsequently looked at a document and I realized something else," or, you know, they provide some explanation, and he's provided none.

So we have all of the elements for application of the sham affidavit rule:  clear and unambiguous, no explanation given for that deposition testimony, and it's completely bolstered by an entirely separate document.  It illustrates it wasn't a mistake.

He doesn't say that his deposition testimony was a

UNITED STATES DISTRICT COURT

mistake, but we also know it's not a mistake because it's what he said three days after he was terminated when he went to the Social Security Administration and made statements under penalty of perjury.

So, Your Honor, respectfully, all of the elements for a sham affidavit are applicable here.

THE COURT: Well, thank you.

I'm going to let Mr. Rosenbaum respond to that, then you have the burden, so I'll let you have the final word, Ms. Jones.

Mr. Rosenbaum?

MR. ROSENBAUM: Yes, Judge. I think we need to look at the totality of the submissions in this case. The reality is when they first filed for summary judgment, Mr. Preston Lee submitted a declaration which said that he was ready to return -- and this is before the social security documents came out and all these issues arose -- that said he was ready to return to work in April of 2020. That's the reality.

He made a mistake on the social security documents in stating that he was unable to work from November 18, 2019, but that was a mistake. That's when he went out and that's when the last day he actually worked.

But the evidence in this case is not so clear to prove that he has submitted a sham affidavit. In fact, it's a mistake that he made, a testimonial mistake, let alone the fact

that he has submitted on the record multiple times prior to the issue arising with social security documents that, in fact, he was ready to return to work in April of 2020, he was able to work in April of 2020.  His doctor released him to work in April of 2020, and the only reason he did not return to work because he was then terminated on June 22nd, 2020.  He was ready, willing, and able to return to work.  I don't -- there is a clear dispute of fact there.

THE COURT:  So where is it that supports, for instance, what you're saying that his doctor, you know, released him to return to work, that he was ready, willing, and able to do so?  Because I don't see the document that was represented to Social Security as well as his deposition.  Or if there's other parts of his deposition you want to point out that are --

MR. ROSENBAUM:  Sure.  If you look at his declaration which is essentially elaborated on his original declaration that was filed in opposition to the initial motion for summary judgment --

THE COURT:  Okay.  So where is that attached to your opposition memorandum filed in this matter?

MR. ROSENBAUM:  Yeah, it's his declaration, paragraph 122, -23, -24, -25, -26, -27, -28 that talks about -- essentially it's 122 and subsequent numbering that deals with the fact that he was released to work by his doctor,

ready to return to work.

Their doctor said that he needed to be cleared by his own doctor to return and he was thereafter terminated.

So if you look at paragraph 122, it says that he was ready to return and his doctor released him to return to work on that date, April 1, 2020 -- excuse me --

THE COURT:  Where's the doctor's note that he was released to work?

MR. ROSENBAUM:  Uhm --

THE COURT:  Dr.  Williamson -- it says, "On or about April 1, 2020, I was ready to come back to work from stress leave and my doctor, Dr. Williamson, had released me to return to work."  I may have missed that in what you submitted, so where is that?

MR. ROSENBAUM:  I don't believe it was attached to this declaration, Judge.

THE COURT:  Okay.

MR. ROSENBAUM:  But it was attached originally to the first -- I believe it was attached to the original opposition to the first motion for summary judgment.

THE COURT:  Okay.  Well, I can't consider that -- right? -- because it's a separate summary judgment.

MR. ROSENBAUM:  Understood, but --

THE COURT:  Okay.  So what else supports that this was a mistake when he -- his representations when he applied

with the Social Security Administration?

MR. ROSENBAUM:  Uhm, if you look at paragraphs -- if you look at paragraphs 155 to 161, 162, uhm, and actually to 164, it talks again about he was ready and willing to return to work.  But essentially he describes the error that he made because it was his last day he worked and not in fact the date that he was unable to work because of his disability, 161 in particular.

THE COURT:  Right.  So he -- he -- in 157 he says that he "submitted everything to the best of my knowledge and ability."

So I take that that he was truthful when he --

MR. ROSENBAUM:  Yes.  He was mistaken, but truthful, yes.  He made a mistake, Judge.

THE COURT:  Right.  So that's what I'm trying to suss out.  Where does it support -- Ms. Jones's argument is that his affidavit now reflects something entirely different than two prior representations given under oath, one to the Social Security Administration and secondly in his deposition.

And so what she's pointed out is in other cases there's been, you know, an explanation for the change in representation of facts.

So a sham affidavit really has to do with me making -- is it a credibility determination or is it such a stark, unambiguous difference where it is unexplained why someone

UNITED STATES DISTRICT COURT

says, "The light was red," and then says, "The light was green," for instance, you know, as opposed to saying, you know, "I felt terrible that day," and then later on saying, "I felt incredibly terrible.  It was like a pain -- on a pain scale, it was a 12 on a pain scale of 1 to 10."  You know what I mean?  So somebody, they felt terrible, and now it's the more excruciating pain, that's kind of a subjective, you know -- a subjective description that terrible versus the worst pain they've ever had, right?  This is more of a factual -- or the argument is this is more of a factual representation, you know, ready and willing to come back to work and completely disabled, can't go to work.

So how do I -- how do I reconcile that difference with his explanation?  And what you're telling me is he -- he was mistaken, and I want to see why he was mistaken as opposed to saying something entirely different.  That make sense?

MR. ROSENBAUM:  Yes.  And to support our position, Judge, when -- Mr. Lee filed two applications with the Social Security Administration.  The second one that he filed cited June 23rd, 2020, as the date, and that is also in the record.  It's in his declaration.  I don't believe Ms. Jones or the defendant would dispute that.

So when he gets help from an entity that assists people with filing for social security benefits, he provides the correct date, right?  So the theory is it's completely a

mistake by a totally unsophisticated human being.

He has repeatedly stated both in his declaration prior to the Social Security Administration issue giving rise to this motion for summary judgment and also in his second application for social security disability benefits the actual date that he became disabled is June 2023, so it's not so stark.  There is sufficient evidence in the record to show that this was clearly a mistake by him, and once he got the assistance to understand what the question meant and it didn't mean that this is the last day you worked, but when were you actually disabled and unable to work, he provided the date of June 23rd, 2020, the day after his termination.

THE COURT:  All right.  Anything else that you want to point out to this one?

MR. ROSENBAUM:  Hmm.  And you'll find that at paragraph 165, if you're looking at the declaration, Judge.

THE COURT:  Well, I'm looking actually at the social security submissions.

MR. ROSENBAUM:  Okay.

THE COURT:  Yeah.

MR. ROSENBAUM:  They reflect the same.

THE COURT:  That's Exhibit B.

MR. ROSENBAUM:  They reflect the same, Judge.

THE COURT:  Yeah.  Well, I mean, in this one dated June 25, 2020, he says he's unable to work because of a

disabling condition on November 18, 2019.

MR. ROSENBAUM:  Correct.  That is a mistaken submission.

THE COURT:  Right.  Okay.  All right.

So, Ms. Jones, I promised you the last word.

MS. JONES:  Just briefly about the second filing in 2021, it does use a different date.  I did ask Mr. Lee about that at his deposition.  He -- and this is at page 62 of the deposition transcript -- initially said that nobody was helping him and didn't know why he listed that date, and then on page 63 of his deposition said that he did recall talking to Mr. Youngman after, you know, previously stating he didn't know who that was, then said he did know that -- he did recall talking to Mr. Youngman and asking him -- Mr. Youngman asking him when he was terminated and him saying, "I was terminated on this date so that's why the date was used."  I mean, that's really the best explanation for that second one, not that he made a mistake.  He didn't say, "I made a mistake the first time and I corrected the mistake the second time."

So that's number one just to clear up the point that was made.

But in all your questioning, Your Honor, Mr. Rosenbaum has tried to point you to portions of his declaration where he attempts to explain that he was mistaken about the social security form.  He never explains the testimony in his

UNITED STATES DISTRICT COURT

deposition which was Mr. Lee's own words stating that he was disabled going back to November 2019. No explanation was provided to that. He didn't correct that deposition testimony despite having the opportunity to do so.

This clearly presents a situation for a finding that the declaration is a sham on this point that warrants granting summary judgment because Mr. Lee can't make a prima facie case.

THE COURT: Okay. Thank you very much.

I consider the matter submitted and will issue a written ruling regarding the same.

I wish all of you a very good day, and the court now stands in recess. Thank you.

MS. JONES: Thank you, Judge.

MR. ROSENBAUM: Thank you, Judge. Take care.

THE COURTROOM MANAGER: Thank you, everyone. The Court now stands in recess.

(Proceedings concluded at 10:22 A.M.)

UNITED STATES DISTRICT COURT

COURT REPORTER'S CERTIFICATE


            I, DEBRA READ, Official Court Reporter, United

States District Court, District of Hawai'i, do hereby certify

that pursuant to 28 U.S.C. §753 the foregoing is a complete,

true, and correct transcript of the stenographically reported

proceedings held in the above-entitled matter and that the

transcript page format is in conformance with the regulations

of the Judicial Conference of the United States.

            DATED at Honolulu, Hawai'i, September 24, 2024.



                        */s/ Debra Read*

                    DEBRA READ, CSR CRR RMR RDR


                  UNITED STATES DISTRICT COURT